**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT FLORIDA**

**TAMPA DIVISION**

**KENITE WEBB,**

　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　Case No.:

**CITY OF VENICE, a Florida municipality,**

**CITY OF VENICE POLICE DEPARTMENT,**

　　　Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

　　　Plaintiff,  KENITE WEBB, ("WEBB") by and through the undersigned counsel, sues the Defendants, CITY OF VENICE, a Florida municipality, and the CITY OF VENICE POLICE DEPARTMENT, states as follows:

## **INTRODUCTION**

Mack Law Firm Chartered ✢ www.MackLawFirm.org
2022 Placida Road ✢ Englewood Florida 34224-5204 ✢ (941) 475 7966 T ✢ (941) 475-0729 F
*This pleading serves as designation of e-service addresses, eservice1@macklawfirm.org and eservice2@macklawfirm.org,
pursuant to Fla. R. Jud. Admin. 2.516*

1. This is an action for declaratory and injunctive relief and damages alleging the defendants discriminated against WEBB on the basis of race, and further unlawfully retaliated against WEBB when WEBB reasonably opposed defendants' discriminatory treatment.

2. On November 1, 2018, WEBB filed a complaint with the U.S. Equal Employment Opportunity Commission (EEOC) alleging the defendant discriminated against him on the basis of race and further committed retaliatory conduct.

3. Because of the work share agreement between the Florida Commission on Human Rights ("FCHR") and the EEOC, Plaintiff's claim was dually filed with the FCHR.

4. On September 9, 2019, the EEOC issued and mailed a "Notice of Suit Rights" letter to WEBB. (See attached Exhibit "A")

5. WEBB received the right to sue letter on or about September 13, 2019.

6. The ninetieth day after receipt of that letter is December 12, 2019.

7. This suit is filed within 90 days of receipt of EEOC's right-to-sue letter and is timely.

8. WEBB therefore has exhausted all administrative procedure prerequisite to bringing this case to Court.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over the case pursuant to 28 U.S.C. §1331, §1343, and §1367.

Mack Law Firm Chartered ✿ www.MackLawFirm.org
2022 Placida Road ✿ Englewood Florida 34224-5204 ✿ (941) 475 7966 T ✿ (941) 475-0729 F
*This pleading serves as designation of e-service addresses, eservice1@macklawfirm.org and eservice2@macklawfirm.org,*
*pursuant to Fla. R. Jud. Admin. 2.516*

10.  This action is authorized and instituted pursuant to Title VII and rights secured by the Civil Rights Act of 1964, as amended in 42 U.S.C. §2000e et seq.; 42 U.S.C. §1983; the Fourteenth Amendment of the Constitution of the United States; and the Florida Civil Rights Act of 1992 (FCRA), Fla. Stat. §760.11 (1992).

11. The venue of this action is properly placed in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §1391(b), because the events/employment practices alleged to be unlawful were committed in Sarasota County, within the jurisdiction of this Honorable Court.

## **PARTIES**

12. WEBB is an African American and is a member of a class of persons protected from discrimination in his employment under Title VII and rights secured by the Civil Rights Act of 1964, as amended in  42 U.S.C. §2000e et seq.; 42 U.S.C. §1983; the Fourteenth Amendment of the Constitution of the United States; and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

13. Defendant VENICE is a Florida municipality organized and existing under the laws of the State of Florida, in Sarasota County, Florida, and within the jurisdiction of this Court.

14. At all times material to this action, Defendant VENICE operated and exercised control over, among other things, Defendant VPD in VENICE, Sarasota County, Florida

Mack Law Firm Chartered ✸ www.MackLawFirm.org
2022 Placida Road ✸ Englewood Florida 34224-5204 ✸ (941) 475 7966 T ✸ (941) 475-0729 F
*This pleading serves as designation of e-service addresses, eservice1@macklawfirm.org and eservice2@macklawfirm.org,
pursuant to Fla. R. Jud. Admin. 2.516*

15. At all times material to this action, Defendants, VENICE and VPD, were "employers" within the meaning of Section 42 U.S.C. §§1983 and 2000e.

16. At all times material to this action, WEBB was an "employee" within the meaning of 42 U.S.C. §§1983 and 2000e.

17. At all times material to this action, Defendants, VENICE and VPD, employed more than fifteen employees and VPD was Plaintiff's employer within the meaning of Title VII, as amended, 42 U.S.C. §2000(a) to (b).

18. At all times material to this action, Defendant VENICE exercised power and control, and was the final policy maker with respect to the policies, practices and procedures maintained by the VPD, including those that are the subject of this Complaint.

19. At all times material to this action, WEBB was and is currently employed as a police officer by VENICE and VPD and the parties had and have a contractual relationship with each other.

20. At all material to this action, WEBB was and continues to be qualified for the position held with the Defendants.

21. WEBB, is a resident of Sarasota County, Florida and continues to reside in Sarasota County, and resided in said County during the time of his employment with the Defendant VPD, within the jurisdiction of this Honorable Court.

22. Defendants, VENICE and the VPD, are and were responsible for the acts of its command staff, supervisors and officers, who were acting within the scope of their employment, and under the color of law pursuant to a policy, custom and/or practice

Mack Law Firm Chartered ✧ www.MackLawFirm.org
2022 Placida Road ✧ Englewood Florida 34224-5204 ✧ (941) 475 7966 T ✧ (941) 475-0729 F
*This pleading serves as designation of e-service addresses, eservice1@macklawfirm.org and eservice2@macklawfirm.org,
pursuant to Fla. R. Jud. Admin. 2.516*

of race and/or religious discrimination, and violations of individuals' equal protection under the Fourteenth Amendment to the Constitution of the United States.

23. At all times material to this action, until WEBB complained about Defendant VPD's discriminatory conduct, WEBB's job performance was satisfactory or above satisfactory.

24. Defendant VPD employs two African American police officers at all time's material hereto, WEBB is one of the two.

25. At all times relevant and material, Defendants VENICE and the VPD acted under color of law.

**FACTUAL ALLEGATIONS OF DISCRIMINATION**

26. WEBB had been employed by VENICE as a law enforcement officer working with the VPD since it extended a Conditional Offer of Employment on March 6, 2015. Officer Webb was hired by the City as a full time employee effective May 18, 2015 with an annual rate of pay in the amount of $42,068.00.[1]

27. During the course of his employment with the Defendant VENICE, WEBB was continually and repeatedly subjected to severe and pervasive race discrimination by Defendants through the actions of non-party employees; specifically Human Relations Director Alan Bullock, Police Chief Thomas Mattmueller, Captain Michael Rose, Captain Eric Hill,  Lieutenant Todd Resch, Lieutenant Jessica Chappa, Sergeant

---

[1] Webb was employed by Florida Highway Patrol ("FHP") as a  State Trooper from December, 2013 until he was hired by VPD. Prior to FHP he was employed as a Sarasota County Sheriff's Corrections Deputy, occupying this position from October, 2010 to December, 2013.

Mack Law Firm Chartered ☼ www.MackLawFirm.org
2022 Placida Road ☼ Englewood Florida 34224-5204 ☼ (941) 475 7966 T ☼ (941) 475-0729 F
*This pleading serves as designation of e-service addresses, eservice1@macklawfirm.org and eservice2@macklawfirm.org,
pursuant to Fla. R. Jud. Admin. 2.516*

Alexandr Gregoire, Master Patrol Officer David Creasy, Officer William Long and former Sergeant Ronald Perisho.

28. For instance, on an on-going basis, various supervisors and officers made racially motivated offensive gestures and derogatory comments to WEBB and verbally ridiculed and criticized WEBB's race.

29. On or about December 26, 2017 Lt. Chappa ordered the only African American VPD patrol office[2]r to remove the word "nigger" spray- painted from six rocks at the City's park located at Venice's South-Jetty.  Rather than investigate and gather evidence of a potential felony[3], WEBB's immediate supervisor Lt. Chappa ignored WEBB's objection to her order, and contemporaneous request to have the City's public works department remove the racial slurs, and ordered WEBB to immediately purchase spray paint and spray over the words.

30. Adding insult to injury on December 29, 2017, at roll call, WEBB approached Sergeant Gregoire and then Sergeant, *now Lieutenant*, Leisenring ("Leisering") to speak with the latter. Sergeant Gregoire told Webb, "when you get done sucking his d!ck you can

---

[2] WEBB is one of two African American law enforcement officers employed by Defendants during the relevant time frame; the other officer is Ruth Terry who was a School Resource officer until January 2019 when the position was eliminated.

[3] See, Fla. Stat. § 806.13(1)(a), (1)(a) "A person commits the offense of criminal mischief if he or she willfully and maliciously injures or damages by any means any real or personal property belonging to another, including, but not limited to, the placement of graffiti thereon or other acts of vandalism thereto." and Fla. Stat. § 775.085(1)(a) "The penalty for any felony or misdemeanor shall be reclassified as provided in this subsection if the commission of such felony or misdemeanor evidences prejudice based on the race, color, ancestry, ethnicity, religion, sexual orientation, race, homeless status, or advanced age of the victim."

Mack Law Firm Chartered ✩ www.MackLawFirm.org
2022 Placida Road ✩ Englewood Florida 34224-5204 ✩ (941) 475 7966 T ✩ (941) 475-0729 F
*This pleading serves as designation of e-service addresses, eservice1@macklawfirm.org and eservice2@macklawfirm.org,
pursuant to Fla. R. Jud. Admin. 2.516*

come suck my d!ck. *That's what **you all** like to do*." This was heard by everyone present at the roll call, officers: Neff, Browning and Kuchar.  Officer Webb told Leisering that he wanted to file a formal complaint against Sergeant Gregoire for making these statements. In response, Leisering stated that "sometimes we do things inappropriately."

31. A few months later, WEBB's supervisors, Lt. Resch and Sgt. Gregoire on March 7, 2018, Administrative Posting 2018-004 from Chief Mattmuller notified all sworn personnel that "Any qualified police officer (as per SOP 142) interested in a special assignment as school resource officer should submit a written letter of interest, accompanied by a current resume, through their chain of command to the Police Chief by 0800 on Thursday March 22, 2018."

32. On March 12, 2018, then SRO, now Sergeant, Sean Hammett, #358, gratuitously informed Webb that he would not get the SRO positon because Webb had a pending Internal Affairs investigation[4]. Webb was unaware of any pending investigation against him.

33. On March 15, [2018], Officer Webb attempted to turn in a letter of interest and resume for the open SRO position to his then supervisor Lieutenant Todd Resch who informed him he would not take the letter of interest but did not state the basis for denial. Four

---

[4] It is curious how so many other VPD employees were aware of the pending internal affairs investigation against Officer Webb in light of the criminal consequences for dissemination of such information. See, Fla. Stat. § 112.533(4).

Mack Law Firm Chartered ✧ www.MackLawFirm.org
2022 Placida Road ✧ Englewood Florida 34224-5204 ✧ (941) 475 7966 T ✧ (941) 475-0729 F
*This pleading serves as designation of e-service addresses, eservice1@macklawfirm.org and eservice2@macklawfirm.org,
pursuant to Fla. R. Jud. Admin. 2.516*

days later, Resch reluctantly took Officer Webb's letter of interest for the SRO position

and his resume.

34. On April 2, 2018 Webb spoke to Chief Mattmuller assistant Babette Chovan and

requested to review his employee personnel file. Webb was informed that his personnel

file was in the possession of Lieutenant Resch and Sergeant Gregoire due to a pending

Internal Affairs investigation.


35. On April 5, 2018 Officer Webb sent a follow up inquiry via email to his chain of

command regarding the status of his application for the open SRO position announced

in Administrative Posting 2018-004.


36. Webb was the sole applicant for the position announced in Administrative Posting

2018-004.



37. On April 10, 2018, Chief Mattmuller sent another posting, 2018-009, requesting

applicants for the first SRO position and advising that a second position was needed.

In addition, Chief Mattmuller advised that three years law enforcement experience was

no longer required as prerequisite to applying for the position.

38. On April 10, 2018, Officer Webb spoke to Fraternal Order of Police union

representative Steve young in reference to the SRO postings.  Young informed Officer

Webb that Chief Mattmuller had mentioned that Webb was disqualified from the SRO

Mack Law Firm Chartered ✧ www.MackLawFirm.org
2022 Placida Road ✧ Englewood Florida 34224-5204 ✧ (941) 475 7966 T ✧ (941) 475-0729 F
*This pleading serves as designation of e-service addresses, eservice1@macklawfirm.org and eservice2@macklawfirm.org,*
*pursuant to Fla. R. Jud. Admin. 2.516*

position due an Internal Affairs investigation. As of that date, Officer Webb had not been provided official Notice that he was the target of a pending Internal Affairs investigation.

39. On April 11, 2018, Officer Webb inquired of Captain Rose about the status of his request contained within the email that Webb sent on April 5th. Captain Rose ignored him.

40. On April 12, 2018,   Officer John Majka[5] was approached by Lieutenant Leisenring about the SRO position and was told to submit his resume.  Officer John Majka had not expressed any interest in filling either of the two SRO positions and did not submit the requisite letter of interest and resume for that position per Administrative Posting 2018-004 .

41. On April 12, 2018 Officer Webb wrote a letter to his commanding supervisors requesting a formal meeting to discuss his pending application for SRO position and the rumored Internal Affairs investigation.

---

[5] Officer John Majka is married to undersigned counsel.

Mack Law Firm Chartered ✧ www.MackLawFirm.org
2022 Placida Road ✧ Englewood Florida 34224-5204 ✧ (941) 475 7966 T ✧ (941) 475-0729 F
*This pleading serves as designation of e-service addresses, eservice1@macklawfirm.org and eservice2@macklawfirm.org,
pursuant to Fla. R. Jud. Admin. 2.516*

42. On April 16, 2018, Officer Webb spoke with Lieutenant Resch regarding the rumors that he was suspect of a pending Internal Affairs investigation. Resch told Webb that he could not talk to Webb about this matter.

43. On April 17, 2018: Lieutenant Resch ordered Officer Webb to come into the VPD station. Once he arrived, he was served with a copy of the Notice of the rumored Internal Affairs investigation. Webb told Lieutenant Resch, "I feel as though this is a hostile work environment" to which Resch replied, "*I am not here for that*, I am here to give you your IA paperwork."

44. On April 26, 2018 Officer Webb informed Chief Mattmuller, the EEOC compliance office at VPD, that a whole banana was placed in his patrol car's trunk and appeared to be a racially motivated attempt to compare Webb to a primate. The Chief had a Caucasian male ride along from a local school that day and did nothing about the complaint.

45. On May 18, 2018 Chief Mattmuller authored administrative posting 2018-011 informing that Officer Rodrigo Morales was selected to be SRO at the high school and Officer Bill Long was selected to be SRO at the newly created position at the elementary school.

Mack Law Firm Chartered ✧ www.MackLawFirm.org
2022 Placida Road ✧ Englewood Florida 34224-5204 ✧ (941) 475 7966 T ✧ (941) 475-0729 F
*This pleading serves as designation of e-service addresses, eservice1@macklawfirm.org and eservice2@macklawfirm.org,*
*pursuant to Fla. R. Jud. Admin. 2.516*

46. On June 19, 2018, WEBB, through counsel, sent a grievance demand to Chief Mattmuller which set forth facts constituting official misconduct in violation of Fla. Stat. 112.534 and committed by Lieutenant Resch and Sergeant Gregoire during the "investigation" of the internal affairs complaint IA 2018-005. IT is believed and alleged that said IA 2018-005 was "created" for the purpose of disqualifying WEBB from consideration for the SRO position or worse termination and decertification.  The Chief did nothing so WEBB through counsel was forced to demand relief from the City of Venice City Manager LaVallee pursuant to the City of Venice grievance procedures. Neither responded effectively ignoring WEBB's due process demand.

47. In addition to the banana in the patrol car trunk referenced above, Officer Long repeatedly taunted WEBB  because he was African American; several examples of this behavior are:

   a) On June 25, 2018 WEBB opened the laptop computer located in the patrol car he shared at that time with Officer Long #322.  The computer screen displayed a large yellow smiley face with a bullet hole in the head. WEBB immediately notified his then immediate supervisor, Sergeant Gregoire who merely shrugged his shoulders, walked off and shirked his official duty to report the conduct for investigation.

   b) On July 10, 2018 between 8:30 -9:00 a.m., Officer Webb was patrolling the Publix plaza on the Island of Venice when he encountered Amy Vicente a local

Mack Law Firm Chartered ✧ www.MackLawFirm.org
2022 Placida Road ✧ Englewood Florida 34224-5204 ✧ (941) 475 7966 T ✧ (941) 475-0729 F
*This pleading serves as designation of e-service addresses, eservice1@macklawfirm.org and eservice2@macklawfirm.org,
pursuant to Fla. R. Jud. Admin. 2.516*

caretaker he had previously met during a crash investigation. Ms. Vicente advised Officer Webb that she had spoken with Officer Bill Long who told her that "Black", was going to be fired soon. Officer Long used "Black" instead of "WEBB" to refer to Plaintiff during this conversation with Ms. Vicente.

48.     Consequently, later that same day, WEBB reported Officer Long's discriminatory behavior to Captain Rose and Sergeant Keith Quick.

49.    Then on July 18, 2018 Officer Webb reported the July 10' 2018 events to Lieutenant Chappa who prepared a complaint form concerning Officer Long's discriminatory treatment towards WEBB, SR 2018-004.  Despite the Complaint form's indication that Chappa informed Captain Rose was assigned to investigate, on July 13, 2018 Chappa wrote a note to Sergeant Keith Quick to give to Officer Webb requesting various information- information that he had already provided and was recorded in the complaint form.

50.    On July 23, 2018, Officer Webb once again brought the following incidents to his Lieutenant Chappa' s attention: the banana in the patrol car, the smiley face with the bullet, and being made to scrub the racial slurs "nigger" off the rocks at the Venite South Jetty.  She did nothing.

51.    On August 7, 2018 Officer Webb tried again to lodge a formal complaint with Lieutenant Chappa.  Webb was told by Chappa that "He needs to have tougher skin being in this line of work. People are going to say inappropriate things within the workplace" Officer Webb

Mack Law Firm Chartered ✧ www.MackLawFirm.org
2022 Placida Road ✧ Englewood Florida 34224-5204 ✧ (941) 475 7966 T ✧ (941) 475-0729 F
*This pleading serves as designation of e-service addresses, eservice1@macklawfirm.org and eservice2@macklawfirm.org,
pursuant to Fla. R. Jud. Admin. 2.516*

responded, "I feel I am being targeted, discriminated against and retaliated against on a constant basis. I would like for you to document this."

52. Despite WEBBs filing a formal complaint with the Defendants about the aforesaid discriminatory conduct, nothing was done. In fact various offending VPD employees have been promoted.

53. Defendants VPD and/or VENICE conducted a sham IA investigation that ignored the strict disclosure requirements found in the Officers Bill of Rights and adopted the inconsistent, contradictory testimony, thus evidencing systemic prejudice and discrimination in the Defendants VENICE and VPD's police force and administrative offices.

## COUNT I
## VIOLATION OF 42 U.S.C. § 1983
## DISCRIMINATORY CUSTOM CLAIM
## AGAINST VENICE and VPD

54. WEBB re-alleges every factual allegation as stated in paragraphs 1-53 of this complaint.

55. The discriminatory acts of which WEBB complains, including those incidents and conduct described in the Factual Allegations above, were performed pursuant to a larger custom, policy or practice of discrimination maintained by Defendants in violation of 42 U.S.C.A. §1983.

56. At all times relevant, Defendants maintained a widespread custom, policy, or practice of race discrimination, and harassment based on race, *inter alia*, that is so permanent and well settled as to constitute a "custom or usage" with the force or effect of law.

Mack Law Firm Chartered ❖ www.MackLawFirm.org
2022 Placida Road ❖ Englewood Florida 34224-5204 ❖ (941) 475 7966 T ❖ (941) 475-0729 F
*This pleading serves as designation of e-service addresses, eservice1@macklawfirm.org and eservice2@macklawfirm.org,
pursuant to Fla. R. Jud. Admin. 2.516*

57.     This discriminatory custom, policy or practice referred to in the above paragraph was a proximate cause of Plaintiffs' injuries.

58.     Defendants had a custom, policy or practice of condoning or tacitly authorizing discrimination on the basis of race by supervisors and officers against employees who were of African American descent, including Plaintiff.

59.      Furthermore, Defendants were aware of the discriminatory acts of which Plaintiff complains, but acted with deliberate indifference to the conduct and did nothing about it.

60.     Defendants VENICE and VPD knew or should have known of the discriminatory conduct because plaintiff complained to superior officers who had an obligation to advise defendants of such conduct.

61.     Defendants VENICE and VPD, through the actions of their agents or employees, disregarded the requirements to conduct a genuine investigation and remedy claims of discrimination.

62.      Moreover, WEBB, through his commanding officer and counsel, filed formal complaints with the Defendants VENICE and VPD alleging that his supervisors and co-workers identified above had created a hostile work environment and committed discriminatory conduct against WEBB because of WEBB's race.

63.     Because of the filing of a formal complaint, Defendants VENICE and VPD were required to conduct and Internal Administrative Investigation to determine if any of the allegations was accurate.

Mack Law Firm Chartered ✧ www.MackLawFirm.org
2022 Placida Road ✧ Englewood Florida 34224-5204 ✧ (941) 475 7966 T ✧ (941) 475-0729 F
*This pleading serves as designation of e-service addresses, eservice1@macklawfirm.org and eservice2@macklawfirm.org,
pursuant to Fla. R. Jud. Admin. 2.516*

64.     However, Defendants VENICE and/or VPD conducted sham investigations or ignored Webb's complaints thus evidencing systemic prejudice and discrimination in the Defendants VENICE and VPD's police force and administrative offices.

65.      In one instance concerning IA 2018-005, WEBB's investigation has revealed that the basis for the complaint against him in that IA was fabricated. Upon complaining to Defendants WEBB was ignored.

66.     Defendants' custom, policy or practice of ignoring and/or rejecting complaints of discrimination on the basis of race was a proximate cause of Plaintiff's injuries.

67.     Defendants had a custom, policy or practice of failing to properly train employees in matters of race and diversity training.

68.     Defendants' custom, policy or practice of failing to properly train its employees was a proximate cause of Plaintiff's injuries.

69.      Defendants had a custom, policy or practice of treating employees who are of African American descent differently from employees who are not of African American descent.

70.     For example, WEBB was subjected to numerous offensive, inappropriate and derogatory remarks, jokes and name-calling while Caucasian employees were not.

71.     Webb's complaints of harassment and discrimination were disregarded or ignored while the complaints made by employees who were not African American descent were not disregarded or ignored

72.     The rules were applied more harshly to employees who were African American descent than they were to employees who were not African American descent.

Mack Law Firm Chartered ✧ www.MackLawFirm.org
2022 Placida Road ✧ Englewood Florida 34224-5204 ✧ (941) 475 7966 T ✧ (941) 475-0729 F
*This pleading serves as designation of e-service addresses, eservice1@macklawfirm.org and eservice2@macklawfirm.org,
pursuant to Fla. R. Jud. Admin. 2.516*

73.     Employees who were African American descent were subjected to greater scrutiny than were employees who were not African American descent.

74.     Employees who were African American descent were held to a different standard than those employees who were not African American descent.

75.     Employees who were African American descent were scored more harshly on their evaluations than employees who were not African American descent.

76.     Employees who were African American descent were criticized more harshly on their evaluations than employees who were not African American descent.

77.     Employees who were African American descent were not afforded the same terms, conditions and privileges of employment as were employees who were not African American.

78.     Additionally, employees who were African American descent were treated less favorably than employees who were not African American descent.

79.     Defendants' custom, policy or practice of treating employees who were African American descent differently from employees who were not African American descent was the proximate cause of Plaintiff's injuries.

80.     Furthermore, Plaintiff's constitutional injuries were caused by Defendant VENICE who is a final policy maker under 42 U.S.C.A. § 1983 with respect to certain terms and conditions of Plaintiff's job.

81.     At all times material to this action, all but one of Defendants employees exhibiting discriminatory conduct towards WEBB were all in a position that possessed the authority

Mack Law Firm Chartered ✧ www.MackLawFirm.org
2022 Placida Road ✧ Englewood Florida 34224-5204 ✧ (941) 475 7966 T ✧ (941) 475-0729 F
*This pleading serves as designation of e-service addresses, eservice1@macklawfirm.org and eservice2@macklawfirm.org,*
*pursuant to Fla. R. Jud. Admin. 2.516*

to affect the terms, conditions, and privileges of WEBB's employment with the Defendants VENICE and VPD.

82. The actions, failure to act and language of Defendants were so severe and pervasive as to alter the terms, conditions and/or privileges of his employment with the Defendants VENICE and VPD, and thereby created a hostile work environment.

83. WEBB would have received a pay raise and an assignment to School Resource Officer but for the discriminatory conduct of the Defendants, VPD, and VENICE.

84. The discrimination was based upon WEBB's race, in that but for the fact that WEBB is of African American origin, he would not have been the object of discrimination.

85. As a result of the actions and failure to act when a non-discriminatory employer would act, of the Defendants, as alleged herein, WEBB has been the victim of negative employment actions and has been exposed to ridicule and embarrassments and he has suffered emotional distress and damage.

86. WEBB, by being subjected to this hostile and offensive work environment created by the Defendant VPD and ignored by Defendant VENICE, was unreasonably affected in a term, condition, or privilege of employment under applicable law in that his psychological well-being was seriously affected when the work place became hostile.

87. The conduct of the Defendants VENICE and VPD, by and through the conduct of its agents, employees, and/or representatives, and the Defendants VENICE and VPD's failure to make prompt remedial action to prevent continued discrimination against WEBB, deprived WEBB of his statutory right under federal law.

Mack Law Firm Chartered ❖ www.MackLawFirm.org
2022 Placida Road ❖ Englewood Florida 34224-5204 ❖ (941) 475 7966 T ❖ (941) 475-0729 F
*This pleading serves as designation of e-service addresses, eservice1@macklawfirm.org and eservice2@macklawfirm.org,
pursuant to Fla. R. Jud. Admin. 2.516*

88.     The actions of the Defendants VENICE and VPD and/or their agents were willful,
wanton, and intentional and with malice or reckless indifference to Webb's statutorily
protected rights, thus entitling WEBB to damages in the form of compensatory and
punitive damages pursuant to federal law, to punish the Defendants VENICE and VPD
for their actions and to deter them, and others, from such action in the future.

89.     WEBB has suffered and will continue to suffer both irreparable injury and compensable
damages as a result of the Defendants VENICE and VPD's discriminatory practices
unless and until this Court grants relief.

WHEREFORE, WEBB respectfully requests that this Honorable Court:

    a.   Enter judgment for WEBB and against the Defendants VENICE and VPD, on the basis
of Defendants VENICE and VPD 's willful violations of 42 U.S.C. § 1983;

    b.   Award WEBB equitable damages;

    c.   Award WEBB compensatory damages under 42 U.S.C. § 1983 for embarrassment,
anxiety, humiliation, and emotional distress he has suffered;

    d.   Award WEBB punitive damages for VPD's willful violations of U.S.C. § 1983;

    e.   Award WEBB as to this count prejudgment interest;

    f.   Award WEBB damages for the amount of the costs of litigation and filing, including
attorney's fees;

    g.   Enjoin Defendants from discriminating, harassing, and retaliating against WEBB and
any other employee;

    h.   Grant such other and further equitable relief as this court deems equitable and just
and/or available pursuant to Federal Law including punitive damages; and

Mack Law Firm Chartered ✦ www.MackLawFirm.org
2022 Placida Road ✦ Englewood Florida 34224-5204 ✦ (941) 475 7966 T ✦ (941) 475-0729 F
*This pleading serves as designation of e-service addresses, eservice1@macklawfirm.org and eservice2@macklawfirm.org,*
*pursuant to Fla. R. Jud. Admin. 2.516*

i.    WEBB demands a trial by jury.

**COUNT II**
**VIOLATION OF TITLE VII**
**DISCRIMINATION BASED ON RACE**
**AGAINST VENICE AND VPD**

90.    WEBB re-alleges every factual allegation as stated in paragraphs 1-53 of this complaint.

91.    WEBB is a member of a protected class, African American descent.

92.    WEBB has been employed by Defendants, VENICE and the VPD, since his conditional offer of employment March 6, 2015.

93.    During the course of WEBB's employment with Defendants since approximately December, 2017, WEBB has been subjected to a discriminatory, hostile and offensive work environment because of his race, as more fully described in the Factual Allegations and in Count I of this Complaint.

94.    The environment referred to in the above paragraph of this Complaint included, but was not limited to:

a.    On a daily and on-going basis, Plaintiff's supervisor and co-workers, making derogatory, offensive and inappropriate remarks based on WEBB's race, such as referring to WEBB as "Black" to WEBB and third parties.

b.    On an-going basis, Defendant VPD's sergeant Gregoire, referring to WEBB as "nigger";

c.    On an-going basis, Defendant VPD allowing Officer Long, to make derogatory, offensive and inappropriate actions  based on WEBB's race, such as placing a banana in the trunk of their shared patrol  vehicle;

Mack Law Firm Chartered ✧ www.MackLawFirm.org
2022 Placida Road ✧ Englewood Florida 34224-5204 ✧ (941) 475 7966 T ✧ (941) 475-0729 F
*This pleading serves as designation of e-service addresses, eservice1@macklawfirm.org and eservice2@macklawfirm.org,*
*pursuant to Fla. R. Jud. Admin. 2.516*

    d. Defendant VPD allowing LT Resch and Sgt. Gregoire to fabricate alleged evidence of misconduct in an effort to have WEBB ultimately decertified as law enforcement officer.

95. In addition to the above:

    a. WEBB was denied a position as a School Resource Officer when employees who were not African American were offered the position;

    b. The complaints of harassment and discrimination made by WEBB were disregarded or ignored while the complaints made by employees who were not African American descent were not disregarded or ignored.

    c. The rules were applied more harshly to WEBB than they were to employees who were not African American descent.

    d. WEBB was subjected to greater scrutiny than were employees who were not African American descent.

    e. WEBB was held to a different standard than those employees who were not African American descent.

    f. WEBB was scored more harshly on his evaluations than employees who were not African American descent.

    g. WEBB was criticized more harshly on his evaluations than employees who were not African American descent.

    h. WEBB was not afforded the same terms, conditions and privileges of employment as were employees who were not African American descent.

    i. Additionally, WEBB was treated less favorably than employees who were not African American descent.

Mack Law Firm Chartered ✧ www.MackLawFirm.org
2022 Placida Road ✧ Englewood Florida 34224-5204 ✧ (941) 475 7966 T ✧ (941) 475-0729 F
*This pleading serves as designation of e-service addresses, eservice1@macklawfirm.org and eservice2@macklawfirm.org,*
*pursuant to Fla. R. Jud. Admin. 2.516*

96.   Plaintiff was subjected to the conduct referred to in this Complaint because Plaintiff is of African American descent.

97.   Similarly situated employees who were not of African American descent were not subjected to the conduct referred to in this Complaint.

98.   Much of the conduct referred to in this Complaint was done in the presence of officers, superior officers, citizens and arrestees.

99.   As a result of the offensive, derogatory, and discriminatory comments, particularly in the presence of other officers and civilians, Plaintiff's authority as a police officer was undermined which interfered with Plaintiff's ability to perform his job and jeopardized his safety.

100.   Despite Plaintiff's formal complaints to Defendants VENICE and VPD through his commanding officer, the Defendants VENICE and VPD failed and refused to take any action to correct the offensive and discriminatory conduct.

101.   The discriminatory acts and environment described in this Complaint were otherwise known by Defendants VENICE and the VPD.

102.   Despite Plaintiff's complaints referred to in this Complaint, Defendants took no appropriate remedial action.

103.   Defendants' discriminatory behavior was part of a custom, pattern and practice of unlawful harassment and discrimination of employees of African American descent.

104.   As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

105.   Plaintiff has suffered damages of an on-going and continuous nature.

Mack Law Firm Chartered ✲ www.MackLawFirm.org
2022 Placida Road ✲ Englewood Florida 34224-5204 ✲ (941) 475 7966 T ✲ (941) 475-0729 F
*This pleading serves as designation of e-service addresses, eservice1@macklawfirm.org and eservice2@macklawfirm.org,
pursuant to Fla. R. Jud. Admin. 2.516*

WHEREFORE, Plaintiff, WEBB, requests that this Honorable Court:

a. Enter judgment for WEBB and against the Defendants VENICE and VPD on the basis of Defendant's willful violations of Title VII;

b. Award WEBB equitable damages;

c. Award WEBB compensatory damages under Title VII for embarrassment, anxiety, humiliation, and emotional distress he has suffered;

d. Award WEBB as to this count prejudgment interest;

e. Award WEBB damages for the amount of the costs of litigation and filing, including attorney's fees;

f. Enjoin Defendants, their officers, agents, employees, and anyone acting in concert with them from discriminating, harassing, and retaliating against WEBB and any other employee;

g. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages; and

h. WEBB demands a trial by jury.

## COUNT III
## VIOLATION OF TITLE VII
## RETALIATION BY DEFENDANTS

106. WEBB re-alleges every factual allegation as stated in paragraph 1-53 of this complaint.

107. Title VII, 42 U.S.C.A. § 2000e-3(a), prohibits covered employers from taking reprisal against an employee for complaining about practices which the employee reasonably and in good faith believes are discriminatory.

Mack Law Firm Chartered ✧ www.MackLawFirm.org
2022 Placida Road ✧ Englewood Florida 34224-5204 ✧ (941) 475 7966 T ✧ (941) 475-0729 F
*This pleading serves as designation of e-service addresses, eservice1@macklawfirm.org and eservice2@macklawfirm.org,*
*pursuant to Fla. R. Jud. Admin. 2.516*

108. WEBB, consistently during his employment, opposed employment practices which he reasonably believed were discriminatory.

109.  Defendants, VENICE and VPD, by and through its supervisory employees, retaliated

against WEBB because of this opposition by scoring his evaluation more harshly, denying him a School Resource Officer position after he complained of these and other discriminatory conduct.

110. By taking these and other actions against him, VENICE and VPD committed unlawful reprisal against WEBB in violation of Title VII, 42 U.S.C.A. § 2000e-3(a).

111. VENICE and VPD's wrongful and malicious actions as alleged in the preceding paragraphs caused WEBB considerable financial injury and great mental distress and were done with reckless indifference to WEBB's constitutional right to oppose discriminatory practices.

WHEREFORE, WEBB respectfully requests that this Honorable Court,

a. Enter judgment for WEBB and against the Defendants VENICE and VPD on the basis of Defendant VENICE, VPD's willful violations of 42 U.S.C. § 1983;

b. Award WEBB equitable damages;

c. Award WEBB compensatory damages under Title VII for embarrassment, anxiety, humiliation, and emotional distress he has suffered;

d. Award WEBB as to this count prejudgment interest;

e. Award WEBB damages for the amount of the costs of litigation and filing including attorney's fees;

f. Enjoin Defendants, their officers, agents, employees, and anyone acting in concert with them from retaliating against WEBB and any other employee;

Mack Law Firm Chartered ☼ www.MackLawFirm.org
2022 Placida Road ☼ Englewood Florida 34224-5204 ☼ (941) 475 7966 T ☼ (941) 475-0729 F
*This pleading serves as designation of e-service addresses, eservice1@macklawfirm.org and eservice2@macklawfirm.org,
pursuant to Fla. R. Jud. Admin. 2.516*

g. Grant such other and farther equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages; and

h. WEBB demands a trial by jury.

## COUNT IV
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT OF 1992
## DISCRIMINATION BASED ON RACE

112.    WEBB re-alleges every factual allegation as stated in paragraphs 1-53 of this complaint.

113.    At all times material to this action, Defendants conducted unlawful employment practices against WEBB by discriminating against him and by allowing their employees to discriminate against him on the basis of WEBB being an individual of African American race.

114.    At all relevant times mentioned in this Complaint, including the discriminatory conduct of the Defendants administration and employees, Defendants VENICE and VPD, were aware that WEBB is an African American individual.

115.    At the time Defendants VENICE and VPD took negative employment action against WEBB, WEBB did perform and excel at the performance of the essential functions of his position.

116.    WEBB was qualified for the position held with the Defendants VENICE and VPD.

117.    WEBB was denied a pay raise and the position as School Resource Officer and treated differently from other employees by his supervisors working for Defendants VENICE and VPD on the basis of race.

Mack Law Firm Chartered ✧ www.MackLawFirm.org
2022 Placida Road ✧ Englewood Florida 34224-5204 ✧ (941) 475 7966 T ✧ (941) 475-0729 F
This pleading serves as designation of e-service addresses, eservice1@macklawfirm.org and eservice2@macklawfirm.org,
pursuant to Fla. R. Jud. Admin. 2.516

118.     The negative employment actions of Defendants VENICE and VPD against WEBB and other acts were directly and proximately caused by the Defendants unjustified discrimination against WEBB because of his race while working for Defendants VENICE and VPD, violated §760.10 Fla. Stat..

119.     As a direct and proximate result of the Defendants VENICE, VPD's intentional conduct, WEBB suffered serious economic losses as well as mental pain and suffering.

120.     Any alleged nondiscriminatory reason for this treatment of WEBB asserted by Defendants is a mere pretext for the actual reason for the Defendants' negative employment actions, his race.

121.      The Defendant s VENICE and VPD's actions were malicious and were recklessly indifferent to WEBB's rights pursuant to §760.10 Fla. Stat., protecting a person from discrimination because of race, color, religion, sex, race, age, handicap, or marital status.

122.     The aforementioned actions of Defendants VENICE and VPD were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

WHEREFORE, WEBB respectfully requests that this Honorable Court:

a.   Grant a permanent injunction enjoining Defendants VENICE and VPD, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of race.

b.   Revise WEBB' Performance Evaluations to reflect an unbiased evaluation of his skills;

c.   Assign WEBB to the  to an equivalent position as the now defunct School Resource Officer position;

Mack Law Firm Chartered ✧ www.MackLawFirm.org
2022 Placida Road ✧ Englewood Florida 34224-5204 ✧ (941) 475 7966 T ✧ (941) 475-0729 F
*This pleading serves as designation of e-service addresses, eservice1@macklawfirm.org and eservice2@macklawfirm.org,
pursuant to Fla. R. Jud. Admin. 2.516*

d. Order Defendants VENICE and VPD to make WEBB whole, by compensating WEBB for lost wages, benefits, including front pay, back pay, with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from being held back due to race;

e. For a money judgment representing prejudgment interest.

f. Award any other compensation allowed by law including punitive damages and attorney's fees.

g. WEBB demands a trial by jury.

## COUNT V
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT OF 1992
## RETALIATION BY DEFENDANTS

123. WEBB re-alleges every factual allegation as stated in paragraphs 1-53 of this complaint.

124. Section 760.10 Fla. Stat. prohibits covered employers from taking reprisal against an employee for complaining about practices which the employee reasonably and in good faith believes are discriminatory.

125. WEBB, consistently during his employment, opposed employment practices which he reasonably believed were discriminatory.

126. Defendants, VENICE and VPD, by and through its supervisory employees, retaliated against WEBB because of this opposition by scoring his evaluation more harshly, denying him training based upon his performance review, and denying him a School Resource Officer position after he complained of these and other discriminatory conduct.

Mack Law Firm Chartered ✣ www.MackLawFirm.org
2022 Placida Road ✣ Englewood Florida 34224-5204 ✣ (941) 475 7966 T ✣ (941) 475-0729 F
*This pleading serves as designation of e-service addresses, eservice1@macklawfirm.org and eservice2@macklawfirm.org,
pursuant to Fla. R. Jud. Admin. 2.516*

127. By taking these and other actions against him, VENICE and VPD committed unlawful reprisal against WEBB in violation of Section 760.10 Fla. Stat.

128. VENICE and VPD's wrongful and malicious actions as alleged in the preceding paragraphs caused WEBB considerable financial injury and great mental distress and were done with reckless indifference to WEBB's constitutional right to oppose discriminatory practices.

WHEREFORE, WEBB respectfully requests that this Honorable Court:

a. Grant a permanent injunction enjoining Defendants VENICE and VPD, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of race;

b. Revise WEBB's Performance Evaluations to reflect an unbiased evaluation of his skills;

c. Assign WEBB to an equivalent position as the now defunct School Resource Officer position;

d. Order Defendants VENICE and VPD to make WEBB whole, by compensating WEBB for lost wages, benefits, including front pay, back pay, with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from being held back and harassed due to race.

e. For a money judgment representing prejudgment interest.

f. Award any other compensation allowed by law including punitive damages and attorney's fees.

Mack Law Firm Chartered ✧ www.MackLawFirm.org
2022 Placida Road ✧ Englewood Florida 34224-5204 ✧ (941) 475 7966 T ✧ (941) 475-0729 F
*This pleading serves as designation of e-service addresses, eservice1@macklawfirm.org and eservice2@macklawfirm.org,
pursuant to Fla. R. Jud. Admin. 2.516*

g. WEBB demands a trial by jury.

/s/ Jacqulyn Mack-Majka

Jacqulyn Mack-Majka, Esquire
Florida Bar No.: 0134902
**MACK LAW FIRM CHARTERED**
Primary: eservice1@macklawfirm.org
Secondary: eservice2@macklawfirm.org
2022 Placida Road
Englewood, Florida 34224-5204
(941) 475-7966
(941) 475-0729 fax
Attorney for Plaintiff Webb

Mack Law Firm Chartered ☼ www.MackLawFirm.org
2022 Placida Road ☼ Englewood Florida 34224-5204 ☼ (941) 475 7966 T ☼ (941) 475-0729 F
*This pleading serves as designation of e-service addresses, eservice1@macklawfirm.org and eservice2@macklawfirm.org,
pursuant to Fla. R. Jud. Admin. 2.516*