## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KENITE WEBB,

      Plaintiff,

v.                                Case No. 8:19-cv-3045-T-60TGW

CITY OF VENICE,

      Defendant.

_____/

## ORDER DENYING "DEFENDANT'S MOTION TO DISMISS COUNT I OF PLAINTIFF'S FIRST AMENDED COMPLAINT"

This matter is before the Court on "Defendant's Motion to Dismiss Count I of Plaintiff's First Amended Complaint," filed on May 19, 2020. (Doc. 31). Plaintiff responded in opposition on June 18, 2020. (Doc. 36). The Court held a hearing on the motion on July 29, 2020. (Doc. 38). Upon review of the motion, response, court file, and record, the Court finds as follows:

## Background[1]

Defendant City of Venice is a municipality in Sarasota County, Florida. Plaintiff Kenite Webb has been an officer with the Venice Police Department ("VPD") since 2015. Plaintiff's amended complaint alleges that between December 2017 and August 2018, he was subjected to racial discrimination by the VPD due to the City's policies or customs of: (1) racial discrimination and harassment, (2)

---

[1] The Court accepts the well-pleaded facts in Plaintiff's amended complaint as true for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

condoning or tacitly authorizing racial discrimination and harassment by VPD supervisors and officers, and (3) failing to properly train employees in matters of race and diversity.

On December 11, 2019, Plaintiff filed his initial complaint. On May 5, 2020, Plaintiff filed his amended complaint alleging five counts: (1) violation of 42 U.S.C. § 1983 – Discriminatory Custom; (2) violation of Title VII – Discrimination Based on Race; (3) violation of Title VII – Retaliation; (4) violation of Florida Civil Rights Act of 1992 ("FCRA") – Discrimination Based on Race; (5) violation of FCRA – Retaliation. The City seeks dismissal of Count I.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v.*

*Rhodes*, 416 U.S. 232, 236 (1974)).  "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, No. 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

<u>Analysis</u>

The City contends that Plaintiff has failed to state a claim under § 1983 because Plaintiff has not established (1) the existence of a municipal policy or custom, or (2) causation.

42 U.S.C. § 1983 "creates a private right of action to vindicate violations of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (internal quotations omitted). "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief . . . pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell v. New York City Dept of Social Servs.*, 436 U.S. 658, 690 (1978).  Municipalities can only be held liable, however, where "action pursuant to official municipal policy of some nature caused a constitutional tort;" it cannot be liable under § 1983 on a *respondeat superior* theory because it employs a tortfeasor.  *Id*.  "Supervisor liability arises only 'when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation.'" *Gross v. Jones*, No. 3:18-cv-594-J-39PDB, 2018 WL

2416236, at *4 (M.D. Fla. May 29, 2018) (quoting *Mathews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007)).  Consequently, to impose § 1983 liability on a municipality, a plaintiff must show: "(1) that his constitutional rights were violated; (2) that the entity had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

### *Municipal Policy or Custom*

"It is well established that a municipality may be held liable under § 1983 only when the deprivation at issue was undertaken pursuant to city 'custom' or 'policy.'"  *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1479 (11th Cir. 1991) (citing *St. Louis v. Praprotnik*, 485 U.S. 112, 125 n.2 (1988)).  A municipal policy may be established by the acts of individual policymaking officials or through the existence of a pervasive municipal custom.  *Id.* at 1480.  Here, Plaintiff specifically alleges that he proceeds under the custom approach.

To establish custom, the plaintiff must show the existence of "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *Torres-Bonilla v. City of Sweetwater*, 805 F. App'x 839, 840 (11th Cir. 2020). "[I]t is generally necessary to show a persistent and wide-spread practice; random acts or isolated incidents are insufficient."  *Scott v. Miami-Dade County*, No. 13-CIV-23013-GAYLES, 2016 WL 9446132, at *4 (S.D. Fla. Dec. 13, 2016).  "A longstanding and widespread practice [of discrimination] is deemed authorized by

policymaking officials because they must have known about it but failed to stop it." *Brown*, 923 F.2d at 1481 (finding plaintiff's allegations related to his personal experiences were the result of discriminatory practices accepted by the police department were sufficient to state a claim).

Here, Plaintiff sufficiently alleges a custom of racial discrimination, or a policy of tacitly approving racial discrimination. The mere fact that he can only point to instances that happened to him personally does not render the amended complaint deficient. *See id.* at 1481 (explaining that the plaintiff's allegations of repeated discriminatory treatment against him personally were sufficient to allege custom). The Court therefore denies the motion to dismiss on this ground.

### *Failure to Train*

Plaintiff additionally contends that the City failed to adequately train its employees on matters of race. A municipality's culpability under § 1983 is at its most tenuous where the claim is based on a failure to train certain employees about their legal duty to avoid violating citizens' rights. *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 822-23 (1985)). Such a claim is only actionable "where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants." *City of Canton*, 489 U.S. at 389; *see Connick*, 563 U.S. at 61 (quoting *City of Canton*, 489 U.S. at 388); *Gold v. City of Miami*, 151 F.3d 1346, 1351-52 (11th Cir. 1998)). Deliberate indifference almost always requires a showing of a "pattern of constitutional violations," but in very limited circumstances can be established where the violation was "a highly predictable consequence of a failure to equip

[employees] with specific tools to handle recurring situations." *Bd. of Cty. Com'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 402 (1997) (citing *City of Canton*, 489 U.S. at 390 & n.10).

The essence of Plaintiff's allegations appears to be that officers should have received training on how not to be racist against their coworkers. "[I]n this day and age, it is clear even without training that it is inappropriate and unacceptable to engage in the sort of conduct alleged here." *See Massey v. Dorning*, No. 5:18-cv-02045-AKK, 2020 WL 607573, at *11 (N.D. Ala. Feb. 7, 2020) (applying the same principle to sexual harassment). "Where the proper response ... is *obvious to all without training* or supervision, then the failure to train or supervise is generally not 'so likely' to produce a wrong decision as to support an inference of deliberate indifference by city policymakers to the need to train or supervise." *Jackson v. City of Centreville*, 899 F. Supp. 2d 1209, 1221 (N.D. Ala. 2012) (quoting *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 490 (11th Cir. 1997)) (emphasis in original). The idea that "race discrimination is not allowed … is obvious to all without any special training." *Id.* Though it appears *highly unlikely* that Plaintiff can maintain a § 1983 claim on failure to train grounds, in an abundance of caution and in the interest of resolving cases on their merits, the Court denies the motion to dismiss.

**Causation**

Next, the City argues that Plaintiff has not sufficiently pled causation. Upon review, the Court finds that Plaintiff has sufficiently pled causation because he alleges that a municipal custom of racial discrimination and ignoring complaints of

racial discrimination caused his injuries.  Accordingly, the Court denies dismissal on this ground.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Motion to Dismiss Count I of Plaintiff's First Amended Complaint" (Doc. 31) is **DENIED**.

2. Defendant City of Venice is directed to file an answer to Count I on or before September 1, 2020.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>18th</u> day of August, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**