## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KENITE WEBB,

      Plaintiff,

v.                           CASE NO. 8:19-cv-3045-TPB-TGW

CITY OF VENICE,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came on to be heard upon the Plaintiff's First Motion for Attorney's Fees (Doc. 146), Defendant's Motion to Disallow Costs (Doc. 147), Defendants' Motion to Strike (Doc. 148), Plaintiff's First Motion for Miscellaneous Relief (Doc. 151), Renewed Motion for Entitlement to Attorney's Fees and Costs (Doc. 162), Supplemental Motion (Doc. 163), and Motion to Strike (Doc. 168).

An in-person hearing was held on the Plaintiff's First Motion for Attorney's Fees (Doc. 146), Defendant's Motion to Disallow Costs (Doc. 147), Defendants Motion to Strike (Doc. 148), and Plaintiff's First Motion for Miscellaneous Relief (Doc. 151) on June 1, 2022. After the hearing, the plaintiff filed a Renewed Motion for Entitlement to Attorney's Fees and Costs (Doc. 162), to which the defendant filed a Motion to Strike (Doc. 168).

1

As properly asserted by the defendant, the Plaintiff's First Motion for Attorney's Fees (Doc. 146) was clearly untimely and, additionally, it did not comply with the Local Rules. Thus, this motion should be denied. However, the plaintiff's Renewed Motion for Entitlement to Attorney's Fees and Costs (Doc. 162) is timely in light of the defendant's Motion for Judgment as a Matter of Law (Doc. 150) and United States District Judge Thomas B. Barber's subsequent order denying the defendants' motions (see Doc.161).[1] Thus, I recommend that the Plaintiff's Renewed Motion for Entitlement to Attorney's Fees and Costs (Doc. 162) be granted, however, only to the extent that he is the prevailing party and entitled to recover his reasonable attorneys' fees and costs.

Notably, the plaintiff has failed to follow the appropriate procedure for seeking attorneys' fees and costs. Thus, the plaintiff has filed a litany of motions in an attempt to receive his attorneys' fees. Moreover, while he did properly file a proposed bill of costs, he has filed three versions of it (see Docs. 144, 145, 158), all of which contain a 223-page document

---

[1] The defendants made an oral motion for judgment as a matter of law at trial, which was deferred. Later, the defendants filed a renewed motion. Thus, Judge Barber addressed both motions in his order (see Doc. 161).

listing costs and attorneys' fees. This, in turn, has led to a multitude of motions to strike filed by the defendant. In total, there are seven motions to be ruled on, all of which pertain to the plaintiff's attempt to receive his attorneys' fees and costs. In doing so, he has made it burdensome for the court to assess which of his arguments have been properly presented. Accordingly, in an attempt to assess these matters coherently, they will be addressed in chronological order. With that in mind, the plaintiff is directed in any future filings to adhere to the appropriate rules and refrain from overwhelming the court with filings.

I.

In this matter, the defendant, City of Venice, is a municipality. The plaintiff, Kenite Webb, was a police officer with the Venice Police Department beginning in 2015 (Doc. 80, p. 1). The plaintiff alleges that he was subjected to racial discrimination, harassment, and retaliation by the Venice Police Department beginning in November 2017 (id.). Thus, the plaintiff filed a Complaint (Doc. 1) on December 11, 2019, and later filed an Amended Complaint (Doc. 29) on May 5, 2020. In the amended complaint, the plaintiff alleged five counts: (1) discrimination under 42 U.S.C. § 1983

3

(2) discrimination based on race under Title VII, (3) retaliation under Title VII, (4) discrimination based on race under the Florida Civil Rights Act ("FCRA"), and (5) retaliation under the FCRA (see id., pp. 16, 22, 26, 28, 30).

The case proceeded to a 5-day jury trial. At the trial, the plaintiff presented evidence that he was subjected to a multitude of race-based insults and other discriminatory behavior while employed at the Venice Police Department. At the close of the trial, the defendant made an oral motion for judgment as a matter of law, upon which the court deferred ruling (see Doc. 161, p. 2). On February 11, 2022, a jury returned a verdict in favor of the plaintiff with an award of $50,000.00 (see Doc. 138).

On February 22, 2022, judgment was entered in favor of the plaintiff (see Doc. 139). On March 7, 2022, the plaintiff filed a Proposed Bill of Costs (Doc. 144) and then, on March 8, 2022, he filed an Amended Bill of Costs (Doc. 145), to which the defendant filed a Motion to Disallow Costs (Doc. 147). Later, on March 14, 2022, the plaintiff filed a Motion for Attorneys' Fees (Doc. 146), to which the defendant filed a Motion to Strike (Doc. 148). The plaintiff thereafter filed a motion wherein he requested that

the court accept his Motion for Attorneys' Fees (Doc. 146) as timely filed (see Doc. 151). Moreover, he filed responses in opposition to the defendant's various motions (see Docs. 152, 155).

Then, on March 21, 2022, the defendant filed its Renewed Motion for Judgment as a Matter of Law (Doc. 150), to which the plaintiff filed a response in opposition (see Doc. 154). Judge Barber retained that matter and referred the motions relating to the matter of attorneys' fees to me for a report and recommendation (see Doc. 153). Then, Judge Barber issued an order denying the defendant's motions for judgment as a matter of law on July 27, 2022 (see Doc. 161).

Importantly, the plaintiff filed a Renewed Motion for Entitlement to Attorneys' Fees and Costs (Doc. 162) on August 10, 2022. The defendant filed a Motion to Strike (Doc. 168), asserting that the plaintiff's motion was untimely given his previously filed motion for attorneys' fees. The plaintiff filed a response in opposition to the defendant's motion to strike (see Doc. 170). Judge Barber referred these matters to me as well for a report and recommendation.

5

II.

In his initial motion for attorneys' fees, the plaintiff seeks his attorneys' fees and costs after the conclusion of a jury trial, where a verdict was returned in his favor (Doc. 146, p. 1). The defendant meritoriously asserts that the plaintiff's motion should be denied as it was untimely filed (Doc. 148, p. 1).

Thus, judgment was entered in favor of the plaintiff on February 22, 2022 (see Doc. 139). Then, on March 14, 2022, the plaintiff filed his First Motion for Attorneys' Fees (Doc. 146). The defendant asserts that "[p]ursuant to Fed. R. Civ. P. 54(d)(2) and M.D. Local R. 7.01(b), a prevailing party claiming attorney's fees must file a motion within 14 days after entry of judgment. Thus, the deadline for Webb to file a motion claiming attorney's fees was March 8, 2022" (Doc. 148, p. 1). The defendant is correct in its assertion that the motion was untimely filed.

The plaintiff essentially concedes that the motion was, in fact, untimely filed. Thus, he asserts that "[a]t issue here is the process by which [the plaintiff] seeks attorneys' fees and costs as a prevailing party" (Doc. 152, p. 3). In support of that assertion, he states that there are "[o]verlapping,

6

contradictory directives" on how to obtain attorneys' fees in the pertinent rules, those being the "Middle District of Florida's Local Rules (Local Rule 7.01 . . .), the express language of 42 U.S.C. § 2000d-5(k) . . ., 28 U.S.C.A. § 1920 . . . and Fed. R. Civ. Pro. Rule 54" (id.). Specifically, the plaintiff argues that "[p]ursuant to the enabling statute upon which Plaintiff's claims were based, attorneys' fees are included by statute in costs taxed to the prevailing party (§ 2000e-5(k)), thus eliminating any need for a determination as to entitlement by the Court as set forth in Local Rule 7.01" (id., p. 19). The plaintiff's assertion is not meritorious.

There is no conflict between these rules. Local Rule 7.01(b), which controls in this matter, states that "[w]ithin fourteen days after entry of judgment, the party claiming fees and expenses must request a determination of entitlement in a motion." Thus, while the other stated rules speak to entitlement of fees, Local Rule 7.01 clearly states the procedure a party seeking attorneys' fees must follow. Moreover, the plaintiff did not adhere to the bifurcated procedure set out by the local rules, which requires that he must first "obtain an order determining entitlement before providing a supplemental motion on amount." See Local Rule 7.01(a). Although the

7

plaintiff attempts to remedy this issue in subsequent filings, his motion is clearly untimely and, thus, subject to denial.

As indicated, though, the plaintiff also requests that he be awarded costs. Thus, the amount of costs the plaintiff should be awarded are set out below in turn. This request, unlike the request for attorneys' fees, is timely.

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." As the party seeking an award of costs, the plaintiff bears the burden of submitting a request that allows the court to determine the costs incurred by the party and the party's entitlement to those costs. See Loranger v. Stierham, 10 F.3d 776, 784 (11th Cir. 1994). Further, the Supreme Court has emphasized that Rule 54(d) does not permit "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235 (1964). The Court is permitted to allow the prevailing party to tax the costs enumerated in 28 U.S.C. § 1920.

8

The plaintiff filed three separate Proposed Bill of Costs, the latter two being amended versions (see Docs. 144, 145, 158). Only the first amended Proposed Bill of Costs (Doc. 145) will be reviewed. Given that the latest—the second amended Proposed Bill of Costs (Doc. 158)[2]—was filed a few days before the in-person hearing, the defendant was not given the appropriate amount of time to review and respond to that filing.

The plaintiff is clearly the prevailing party as judgment was granted in his favor at a jury trial. With respect to the request for costs, the defendant opposes some of them (see Doc. 147). As noted by the defendant, though, "[i]t is very difficult to discern the actual costs sought by [the plaintiff] because most of the expenses are not itemized" (id., p. 2). The defendant is referring to the 223-page document that the plaintiff submitted as his first amended Proposed Bill of Costs (see Doc. 145). In that document, he has improperly included claims for attorneys' fees in his request for costs.

Consequently, it is arguable that the plaintiff has not met his burden of submitting a request that allows the court to determine the costs

---

[2] It appears that the second amended Proposed Bill of Costs (Doc. 158) includes additional attorneys' fees recorded on this matter.

he incurred. <u>See</u> <u>Loranger</u> v. <u>Stierham</u>, <u>supra</u>, 10 F.3d at 784. However, as the defendant did, I will address these costs summarized on the initial page in the plaintiff's first amended Proposed Bill of Costs (Doc. 145).

The plaintiff appears to seek the following costs: (1) fees of the Clerk totaling $400.00, (2) fees for service of summons and subpoena, totaling $2,329.80, (3) fees for printed or electronically recorded transcripts necessary obtained for use in the case, totaling $4,449.00, (4) fees and disbursements for printing, totaling $5,216.72, (5) fees for witnesses, totaling $665.00, and (6) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case, totaling $315.00 (<u>id.</u>, p. 1).

### 1. Fees of the Clerk

The defendant does not contest the plaintiff's request of $400.00 for fees of the clerk (Doc. 147, p. 2). Furthermore, this expense is taxable pursuant to 28 U.S.C. § 1920(2). <u>See</u> <u>Bostick</u> v. <u>State Farm Mutual</u> <u>Automobile Insurance Company</u>, case no. 8:16-CV-1400-T-33AAS, 2018 WL 1474712 at *1 (M.D. Fla. 2018). Thus, I recommend that the plaintiff be permitted to tax this cost.

10

2. <u>Fees for Service of Summons and Subpoena</u>

The plaintiff seeks to tax $2,329.80 in costs associated with the service of summons and subpoena. Fees for service of process are compensable under 28 U.S.C. § 1920(1), as long as they do not exceed the statutory limitations set forth in § 1921(1). <u>See</u> <u>United States Equal Employment Opportunity Commission</u> v. <u>W&O, Inc.</u>, 213 F.3d 600, 624 (11th Cir. 2000) (providing that "a district court does not abuse its discretion in taxing private process server fees that do not exceed the statutory fees authorized in § 1921").

The plaintiff merely provides this final number, with no explanation—in any of his filings—as to the number of, for instance, subpoenas issued to reach this amount. Much to the defendant's credit, it went through the plaintiff's 223-page proposed bill of costs to determine, as best it could, how the plaintiff reached this amount. Importantly, the defendant "does not oppose [the plaintiff's] request to tax costs for service of the initial complaint and summons," that amount being $113.50 (Doc. 147, pp. 2, 6). As to the remaining amount, the defendant asserts that "[r]egarding the remaining costs for summons . . . [the plaintiff] has not met

11

his burden to provide sufficient information to enable the Court to determine whether these costs were necessarily incurred" (id., p. 6). The defendant is correct in its assertion.

Thus, under § 1920(1) the prevailing party may tax service of process costs for the complaint. See Premier Trailer Leasing, Inc. v. DM World Transportation, LLC, 8:19-CV-2558-T-60AAS, 2020 WL 8181665 at *6 (M.D. Fla. Dec. 31, 2020), report and recommendation adopted, 8:19-CV-2558-T-60AAS, 2021 WL 146882 (M.D. Fla. Jan. 15, 2021). Further, as noted by the defendant, the plaintiff has an obligation to show that these costs were "reasonable and necessary." Andrews v. Marshall, 2:16-CV-814-SPC-MRM, 2021 WL 3888208 at *3 (M.D. Fla. Aug. 16, 2021), report and recommendation adopted, 2:16-CV-814-SPC-MRM, 2021 WL 3883705 (M.D. Fla. Aug. 31, 2021). The plaintiff has not met his burden. Thus, I recommend that the plaintiff only be permitted to tax the $113.50 for service of the initial complaint and summons.

### 3. Fees for Printed or Electronically Recorded Transcripts

The plaintiff seeks to tax the fees for printed or electronically recorded transcripts necessarily obtained for use in the case, totaling

$4,449.00. Similar to the other costs, the plaintiff provides no explanation as to what this amount is comprised of. The defendant does not oppose the plaintiff's ability to tax the costs of the deposition transcripts of Alan Bullock, Edward Lavallee, and Thomas Mattmuller (Doc. 147, p. 7). However, it does oppose the cost of a 9-1-1 call (id.).

The deposition transcript costs are authorized by § 1920(2). United States Equal Employment Opportunity Commission v. W&O, Inc., supra, 213 F.3d at 621; see also Blanco v. Biscayne Wine Group, LLC, No. 10-23988-CIV, 2014 WL 2653922 at *4 (S.D. Fla. June 13, 2014) (providing that "'a deposition taken within the proper bounds of discovery . . . will normally be deemed to be necessarily obtained[] for use in the case and its costs will be taxed[.]'") (internal citation omitted). Thus, the deposition transcript of Mr. Bullock is $1,068.50, Mr. Lavelle is $1,399.50, and Mr. Matmuller is $405.00, for a total sum of $2,873.00 (Doc. 145, pp. 125, 128, 131).

As for the 9-1-1 call, the plaintiff does not offer any evidence to support that this transcript was reasonable and necessary. After sifting through the 223-page document, it appears the transcript of the 9-1-1 call

13

cost $39.00 (Doc. 145, p. 130).[3] As noted by the defendant, however, "[t]he transcript was not used in any depositions or pleadings, listed as a trial exhibit, or introduced or in any way referenced at trial" (Doc. 147, p. 7). Moreover, the plaintiff makes no argument as to why he is entitled to this cost. Thus, I recommend that the plaintiff only be permitted to tax the deposition transcripts of Alan Bullock, Edward Lavallee, and Thomas Mattmuller for a total sum of $2,873.00.

### 4. Fees and Disbursements for Printing

Pursuant to 28 U.S.C. § 1920(3), "fees and disbursements for printing and witnesses" may be taxed. The plaintiff seeks to tax the fees and disbursements for printing, totaling $5,216.72. The plaintiff provides no explanation as to how he reached this total. Once again, to the defendant's credit, it determined that the "[p]laintiff seeks to bill the cost of making over 35,000 copies without any explanation whatsoever to explain why the copies were made. . . . Furthermore . . . [the plaintiff's] request to tax the cost of over 35,000 is excessive and clearly not necessary in this case, where a grand

---

[3] This small sum adds to the confusion as to how the plaintiff states that he seeks a total of $4,449.00 for the costs of printed or recorded transcripts. Thus, based on the documents provided, the total appears to be $2,912.00 ($1,068.50 + $1,399.50 + $405.00 + $39.00 = $2,912.00).

14

total of 20 exhibits . . . were entered into evidence at trial" (Doc. 147, pp. 7,

8). The plaintiff does not provide "sufficient detail or supporting

documentation" for taxing these costs. See Loranger v. Stierheim, supra, 10

F.3d at 784. Moreover, the court will not sift through the plaintiff's submitted

materials in order to determine on what basis copying costs for 35,000 copies

is appropriate. Thus, I recommend that the plaintiff not be permitted to tax

the requested fees and disbursements for printing.

### 5. Fees for witnesses

The plaintiff seeks to tax $665.00 for the witness fees of

Thomas Mattmuller, Edward LaVelle, Jessica Chappa, Alan Bullock, Keith

Quick, and Aleksandr Gregoire (Doc. 145, pp. 1–2). The best that can be

gleemed, these fees are for the appearances of these witnesses at deposition

(id.).[4] The plaintiff does not provide any information as to whether these

witnesses are experts. Irrespective, the plaintiff is entitled to tax the cost of

witness fees, but it will be limited to the statutorily provided witness fees

under 28 U.S.C. 1821(b), expert or not. Kivi v. Nationwide Mutual Insurance

---

[4] The plaintiff does not provide any explanation as to whether the costs listed were for
things such as witness travel.

15

Co., 695 F.2d 1285, 1289 (11th Cir. 1983). Currently, § 1821 allows for awards of witness fees up to $40.00 for each day the witness gives his or her deposition. See 28 U.S.C. § 1821(b). Thus, I recommend that the plaintiff be permitted to tax the cost of $40.00 for each witness except Ms. Chappa, who was deposed for two days, for total fees of $80.00. Thus, this amounts to a total of $280.00 for witness fees.

### 6. Copying Costs

Section 1920(4) permits reimbursement for photocopying "necessarily obtained for use in the case." United States Equal Employment Opportunity Commission v. W&O, Inc., supra, 213 F.3d at 623 (internal citation omitted); Smith v. Secretary, Florida Department of Corrections, 598 Fed. Appx. 738, 739 (11th Cir. 2015) ("Copying costs may be awarded for any copying the prevailing party could have reasonably believed was necessary.").

The plaintiff requests $315.00 for copying costs (Doc. 145, p. 1). It is virtually impossible to determine how the plaintiff reached this amount, let alone what he even copied. Thus, the movant is required to present evidence regarding the items copied, including their use or intended

16

use. Scelta v. Delicatessen Support Services, Inc., 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002). Moreover, it is not the job of the defendant or the court to speculate as to the items' use, since "'the prevailing party alone knows the purpose of the copies . . . [thus] the prevailing party must provide information regarding the purpose of the copies charged so that the Court may address the relevant factual issues.'" Peeler v. KVH Industries, Inc., 8:12-CV-1584-T-33TGW, 2014 WL 12617558 at *4 (M.D. Fla. June 16, 2014) (internal citation omitted). Accordingly, I recommend that the plaintiff not be permitted to tax his copying costs.

### III.

As indicated, the plaintiff has filed a Renewed Motion for Entitlement to Attorneys' Fees and Costs (Doc. 162). In that motion, the plaintiff vaguely asserts that, "[p]ursuant to Federal Rule of Civil Procedure 54(a), this Court's July 27, 2022 Order is 'any order from which an appeal lies.' As a result, this Motion is timely filed pursuant to 54(d)" (id., p. 3). Thus, the plaintiff appears to state that the present motion is timely in light of Judge Barber's order denying the defendant's motions for judgment as a matter of law.

17

The defendant filed a Motion to Strike the Plaintiff's Renewed Motion (Doc. 168). In that motion, the defendant argues that the plaintiff's motion is still untimely because it was untimely filed before the defendant filed its Motion for Judgment as a Matter of Law (id., p. 4). Importantly, the defendant identifies the Eleventh Circuit case that addresses this issue, Members First Fed. Credit Union v. Members First Credit Union of Fla., 244 F.3d 806 (11th Cir. 2001). In that case, the Court stated that, "[a] timely Rule 59 motion to alter or amend judgment operates to suspend the finality of the district court's judgment 'pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties.'" Id. at 807. Notably, the plaintiff does not cite this case at all in his motion.

The defendant asserts that this matter is factually distinguishable from the Members First case. Thus, the defendant states that in Members First a Rule 59 motion was filed before the deadline to file a motion for attorney's fee had expired, whereas here, the defendant's Motion for Judgment as a Matter of Law (Doc. 150) was filed after the deadline for filing a motion for attorneys' fees had passed (Doc. 168, p. 4). The defendant

18

further states that in <u>Members First</u> it was the prevailing party that filed the Rule 59 motion and the motion for attorney's fees, whereas here, it is the defendants that filed the Rule 59 motion and the plaintiff is seeking his attorneys' fees. Thus, the defendant asserts that the Eleventh Circuit in <u>Members First</u> did "not approve of this 'loophole' that [the plaintiff] seeks to exploit" (<u>id</u>., p. 5). This argument is not meritorious.

While the plaintiff is clearly benefiting from the second chance to file his attorneys' fees—in a proper manner—there is no basis to deny him the opportunity to refile in light of the Rule 59 motion. Thus, the Eleventh Circuit clearly stated that "the finality of a judgment is effectively postponed by the timely filing of a motion under Rule 59" and it is postponed "'pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties.'" <u>Members First Fed. Credit Union</u> v. <u>Members First Credit Union of Fla.</u>, <u>supra</u>, 244 F.3d at 807. In other words, in this matter, the time is suspended until the court issues an order dealing with the Rule 59 motion.

As indicated, Fed. R. Civ. P. 54(d)(2)(B) states that a motion for attorneys' fees "must be filed or serviced no later than 14 days after entry

19

of judgment." Further, district courts may adopt local rules establishing timeliness standards for the filing of claims for attorney's fees. Thus, Local Rule 7.01(b) states that a party claiming fees and expenses must file a motion as to entitlement "[w]ithin fourteen days after entry of judgment."

Here, judgment was entered for the plaintiff on February 22, 2022 (see Doc. 139). The plaintiff filed his untimely motion for attorneys' fees on March 14, 2022 (see Doc. 146). However, the defendant filed its renewed motion for judgment as a matter of law on March 21, 2022 (see Doc. 150), as to which Judge Barber issued an order denying the motions on July 27, 2022 (see Doc. 161). Accordingly, the finality of judgment in this matter was suspended on March 21, 2022, and the suspension did not end until Judge Barber's order was issued on July 27, 2022. Thus, the plaintiff had until August 10, 2022,—14 days after Judge Barber's order—to file his motion for attorneys' fees. The plaintiff filed his Renewed Motion for Entitlement to Attorneys' Fees and Costs (Doc. 162) on August 10, 2022. Consequently, the motion is timely.

Moreover, the plaintiff's motion as to entitlement is meritorious. Thus, as indicated, the plaintiff is the prevailing party in this

20

matter. As properly asserted by the plaintiff, Section 2000e–5k of Title 42, U.S.C., provides that, in a Title VII action, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs . . . ." Similarly, under the FCRA, a plaintiff may recover fees as the prevailing party. See Fla. Stat. 760.11(5). Therefore, I recommend that plaintiff's Renewed Motion for Entitlement to Attorneys' Fees and Costs (Doc. 162) be granted as to entitlement only.

## IV.

For the foregoing reasons, I recommend that:

1.  The Plaintiff's First Motion for Attorney's Fees (Doc. 146) be **DENIED**, because his request for attorneys' fees is untimely. Further, that the Defendant's Motion for Miscellaneous Relief (Doc. 147) be **GRANTED, in part**, given that the plaintiff's Proposed Bill of Costs (Doc. 145) was timely filed. As to that matter, the plaintiff is only entitled to a total sum of $3,666.50 ($400.00 + $113.50 + $ 2,873.00 + $280.00).

2.  The Defendant's Motion to Strike (Doc. 148) be **GRANTED**, given that the Plaintiff's First Motion for Attorney's Fees (Doc. 146) is untimely.

3.  The Plaintiff's First Motion for Miscellaneous Relief (Doc. 151) be

**DENIED**.

4.      The Plaintiff's Supplemental Motion (Doc. 163) be **DENIED as**

**moot**, as the plaintiff could have merely filed a supplemental notice of

3.01(g) conferral as opposed to a motion.

5.      The Defendant's Motion to Strike (Doc. 168) be **DENIED**. Further,

that the Plaintiff's Renewed Motion for Entitlement to Attorney's Fees and

Costs (Doc. 162) be **GRANTED only to the extent** that the plaintiff is the

prevailing party and entitled to recover his reasonable attorneys' fees and

costs, which must be properly requested in a new document.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: March 24, 2023.

<u>NOTICE TO PARTIES</u>

The parties have fourteen days from the date they are served a
copy of this report to file written objections to this report's proposed findings
and recommendations or to seek an extension of the fourteen-day deadline
to file written objections.   28 U.S.C. 636(b)(1)(C).   Under 28 U.S.C.
636(b)(1), a party's failure to object to this report's proposed findings and
recommendations waives that party's right to challenge on appeal the district
court's order adopting this report's unobjected-to factual findings and legal

22

conclusions.

23