IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA TAMPA

**KENITE WEBB,**

    Plaintiff,

v.                        Case No.: **8:19-cv-03045-TPB**

**CITY OF VENICE,**

    Defendant.

_____/

**PLAINTIFF KENITE WEBB'S SUPPLEMENTAL MOTION
DETERMINING AMOUNT OF ATTORNEY'S FEES INCLUDING
RELATED NONTAXABLE EXPENSES**

COMES NOW, Plaintiff, KENITE WEBB, pursuant to 42 U.S.C. §2000e-5(k), Fla. State. § 760.11(5), Fed. R. Civ. P. 54(d)(2) and this Court's Local Rule 7.01 (c)(3), and brings his supplemental motion to determine the amount of prevailing party attorney's fees and related nontaxable expenses which is brought within forty-five days of entry of the July 10, 2023[1] order determining his entitlement in this case, specifically, the Court's Order Adopting Report and Recommendation in Part, [DE 195], and as the party claiming fees and expenses therefore files this supplemental motion that meets the requirements of Local Rule 7.01 (c)(1)- (5).

    **I.**     **The Basis for Supplemental Motion as to Attorney's Fees**

This is a civil rights action, brought pursuant to Title VII, 42 U.S.C. § 2000e-5(k) et. seq., and the Florida Civil Rights Act of 1992, § 760.01 et. seq. ("FCRA"). A jury trial of Webb's hostile work claims resulted in a verdict in Webb's favor and a

---

[1] The forty-fifth day from July 10, 2023 is August 24, 2023.

1

damage award of $50,000. Subsequently, the Court determined that Webb was a prevailing party entitled to recover his reasonable attorney's fees and costs. (See, Docket Entry 195, filed July 10, 2023.) This motion follows, to provide the information necessary to determine the amount of those fees and costs pursuant to the enabling statutes and Local Rule 7.01 (c). The parties' previous submissions regarding Webb's attorney's fees and costs include the following: Bill of Costs, (Doc. 144), First Amended Bill of Costs, (Doc. 145), Motion (Doc. 146), Opposition (Doc. 147), Motion to Strike (Doc. 148), Motion to Accept as Timely Filed, (Doc. 151), Opposition to Motion to Strike (Doc. 152), Opposition (Doc. 155), Second Amended Bill of Costs (Doc. 158) Renewed Motion (Doc. 162), Supplemental Statement (Doc. 163), and Motion to Strike (Doc. 168), and Objections to Report and Recommendations (Docs. 189 and 190). Webb will summarize without duplicating the voluminous exhibits previously submitted in support of his attorney's fees applications, and will reference the location in the record where supporting documentation is found. Additional updated fee and cost records which supplement those previously filed are provided as exhibits hereto.

## II.     Local Rule 7.01 (c)(1): Description of Meet-and-Confer Efforts

The following complies with the movant's obligation pursuant to Local Rule 7.01 (c)(1) to describe meet-and confer efforts to attempt to resolve issues relating to this application. On July 12, 2023, Jacqueline Skubik, paralegal for undersigned counsel, sent an email to defendant's counselors and their paralegal in an attempt

2

to schedule the requisite meet-and-confer session for the parties' counsel pursuant to Local Rule 7.01(c)(1). On July 14, 2023, defense counsel's paralegal, Nicole Tordesillas, responded and eventually undersigned and Ms. Tordesillas agreed that the meet and confer regarding this application would be scheduled on August 11, 2023 despite the deadline for the supplemental motion being August 24, 2023. The conference was held as scheduled but failed to resolve the substantive issues set forth below. The City confirmed it had no settlement authority but suggested a reduction of the hourly rates to $350.00 for Webb's attorneys Kerry E. Mack and Jacqulyn Mack Majka which has not been accepted. The City did not provide specification for any of its objections. The following is a discussion of Webb's understanding of the City's general objections. To date all settlement communications have been made in the context of mediation and are therefore confidential.

### III. Local Rule 7.01(c)(2) Specification of the Resolved and Unresolved Issues.

Pursuant to Local Rule 7.01(c) 2, the following are the unresolved disputed issues as to Webb's attorney's fees including costs, and a discussion of the City of Venice's ("the City") objections as they appear in the record to date.

A. Objections Based Upon Lack of Specificity

The City's ongoing objections set forth in "Defendant's Motion in Opposition to Plaintiff's Bill of Costs" (Doc. 147), are as follows:

3

7. <u>City's Objection</u>: Webb has not met his burden because he has not itemized his costs or provided sufficient detail that would permit the Court ascertain whether the costs requested by Webb are taxable.

<u>Webb's Response</u>: Webb has previously submitted a large volume of supporting records and materials (See exhibits to Docs. 145 & 158) of those submission only thee cost receipts are relevant to this Motion because Webb has summarized his attorney's fees into three stages of the litigation and are set forth herein at Exhibit 1 hereto. These items include the entirety of Webb's requested attorney's fees and non-taxable costs whose receipts are found at the indicated PageId in the chart below and contained within either Dkt. 145 & 158 as indicated.

Contemporaneous billing records maintained in the ordinary course of business for each firm member and employee participating in the prosecution of Webb's claims are found in the accompanying exhibits to this application, and are summarized in the charts submitted with this application. This application sufficiently summarizes and describes with sufficient detail the chargeable activities during each phase of this matter from the time the firm was retained until the filing of this application. The requisite certification of authenticity and elimination of duplicitous or non-compensable time accompanies this application. Thus, Webb has fulfilled his statutory obligation found in Local Rule 7.01(c) to sufficiently detail the type, amount and purpose of each item of recoverable attorney's fee and taxable costs.

### B. The City's Objections That Items Sought Are Non-Taxable from the City's Objection paragraph 8, Doc. 147.

Based on the Amended Bill of Costs submitted by Webb, however, it is clear that the remaining costs are not taxable. For example, Webb requests to tax all of the following costs: attorney's fees which are not taxable under Section 1920; a subpoena duces tecum issued to the Sarasota County Tax Collector's office for the administrative appeal of Webb's suspension (the appeal was denied and the Court issued summary judgment on Webb's claim that he was suspended because of his race); a subpoena duces tecum issued to the Florida Highway Safety and Motor Vehicles Department for Webb's administrative appeal; a subpoena issued to Lt. Andy Leisenring for Webb's administrative appeal; transcription fees for a 9-1-1 recording that was not used in these proceedings; duplicate and unnecessary subpoena fees and witness fees; general printing costs; printing costs made for the convenience of counsel; unnecessary copying fees; tolls; parking fees; hourly fees charged by fact witnesses; and postage.

### 1. The City's Objection paragraphs 7-8, Doc 147.

In any case, besides the cost of serving the initial complaint, the remaining costs requested by Webb are not taxable based on the receipts attached to the Bill of Costs:

- Subpoenas duces tecum and witness subpoenas to the Sarasota County Tax Collector, FLHSMV, and Andy Leisenring related to Webb's administrative appeal and his 5-day suspension, which was upheld on administrative appeal and which this Court held was not discriminatory (Doc. 145, 000090-000113).

- Trial subpoenas served on Amy Vicente, David Smolenski, Jamie Hoy, David Creasy, Rodrigo Morales, and Jack Chappa, all whom were not called to testify at trial (Doc. 145, 000117-000122, 000130-000131, 000140-000147, 000151-000155, 000157, 000161)

- Duplicate subpoenas served on David Smolenski and Jessica Chappa (Doc. 145, 000121, 000130, 000147, 000155)

5

- Subpoenas served on Jessica Chappa, Aleksander Gregoire, Andy Leisenring, and Alan Bullock, all whom Defendant had already agreed to produce at trial (Doc. 145, 000121, 000130, 00147).

It was not necessary for Webb to incur expenses associated with subpoenas within these categories and Webb's request to tax these costs should be denied.

### 3. The City's Objection Doc. 147, paragraphs "C".

Likewise the City has stated the following in "Defendant's Motion to Strike Plaintiff's Motion for Attorney's Fees and Costs":

> ....In the event that the Court does not strike or deny the Fees Motion as untimely, the City intends to file a substantive response objecting to the reasonableness of the proposed hourly rates, the reasonableness of the hours billed by Webb's attorneys and their staff, and the non-taxable costs sought by Webb. Additionally, the City intends to argue that the lodestar amount should be significantly reduced because Webb did not prevail on most of his claims against the City....

WEBB'S RESPONSE: As set forth in the accompanying Memorandum of Law, Exhibit 3 hereto, the costs objected to by the City *are* recoverable as part of prevailing party's attorney's fees pursuant to enabling state and federal statues which must be liberally construed to include a panoply of litigation expenses other than regular office overhead. Each such cost is specifically identified and supported by the attached records identified by docket entry and PageId number in Exhibit 1 hereto. The fees for service of referenced subpoenas were reasonable and necessarily incurred, since each individual was either deposed, or identified as a trial witness. The trial date was adjourned by the Court, necessitating another round of service of trial subpoenas.

The City objects to subpoena service costs for witnesses Jessica Chappa, Aleksander Gregoire, Andy Leisenring, and Alan Bullock, their employees, because they allegedly offered to readily produce them at trial. Webb could not reasonably rely upon such assurances due to the inherent nature of police work, and the ever changing daily tasks of its administrative employees. The risk of their failing to appear as directed could not reasonably be assumed by Webb. For example, witness Jessica Chappa assumed the witness stand at trial immediately after working a long weekend shift, without resting. The City did not accommodate her work schedule, knowing she was subpoenaed to testify immediately after ending her shift. Had she not been subpoenaed, her appearance was not guaranteed. Webb could not have been forced to assume the risk of witnesses' non-appearance and the corresponding disruption of the trial.

Service fees for trial subpoenas to witnesses Amy Vicente, David Smolenski, Jamie Hoy, David Creasy, Rodrigo Morales, and Jack Chappa are recoverable as reasonable expenses. Each individual was identified as a trial witnesses months prior to the trial. Their appearances were disallowed by the Court shortly before the trial date, after they were already served with process in accordance with earlier trial schedules. Thus, these service expenses were reasonably incurred and necessary in anticipation of trial.

In fact Exhibit 4 reveals that the City spent over $10,000 serving its own employees with subpoenas for trial along with the requisite witness fees. If the City

could not count on its own employees' voluntary appearance at trial; Webb should not be held to a different standard

Subpoenas for items relating to the administrative appeal of Webb's disciplinary proceedings are included as recoverable costs. A reasonable jury could have found that Webb was evidence of racial animus, which is part, and parcel of the hostile work environment the jury agreed Webb was subjected to.

### C. The City's Request for Reduction of Lodestar Calculation for Unsuccessful Claims[2]:

The City provides no basis to reduce the lodestar calculation of attorney's fees for time attributable to Webb's unsuccessful claims, and there is no legally sufficient justification to support this request. Although some of Webb's substantive claims were dismissed pursuant to the City's motion for summary judgment, Webb is entitled to recover attorney's fees for those claims which arose out of the same common core of facts and are so inextricably intertwined with the successful claims that they cannot logically be separated. As indicated in the accompanying Memorandum of Law, time attributed to the discontinued claims is recoverable because they were based on related legal theories and involve a common core of facts. *See*, Memorandum of Law, citing *Hensley v Eckerhart*, 461 U.S. 424 (1983); *George v GRE Directories Corpl*, 114 F. Supp.2d 1281 (2000).

---

[2] See City's Motion to Strike (Doc 148, paragraph 4)

Webb will seek recovery for time spent litigating entitlement to, and the award of attorney's fees; these amounts are included in the timesheets attached to Exhibit 1.

### D. The City's Anticipated Objections to the Reasonableness of Webb's Attorney's Fees and Rates, and Hours Billed/

As detailed in the accompanying Memorandum of Law, Exhibit 3 hereto, and Declarations of Jacqulyn Mack-Majka, Esq. and Ryan Barack, Esq., the following rates for Webb's case participants are in accord with those rates usually and customarily charged in the geographic local for practitioners of equivalent experience, training and qualifications:

> Kerry E. Mack, Esq. $450/hr.
> Jacqulyn Mack-Majka, Esq. $400/hr.
> Jacqueline M. Skubik, Esq. (retired), Paralegal $150/hr.
> Heather Hooper, Paralegal $150/hr.
> Tim McGuire (deceased), Paralegal $150/hr.

In support of his request for reasonable attorney's fees, Webb has provided detailed, contemporaneous timekeeper entries (maintained by the firm's software "TrialWorks") for each timekeeper, and the timesheets attached to Exhibit 1 replace previous timesheets to include fees for work performed from May 10, 2018, the date Webb retained the Firm, to the date of this motion. Webb's submissions support: a) a reasonable hourly rate consistent with the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation; b) set forth hours reasonably expended on the litigation, calculated after exercising proper billing judgment to

exclude any hours that are excessive, redundant, or otherwise unnecessary, and c) the expenses sought to be reimbursed are supported by sufficient information to permit the court to determine that the expenses are actual and necessarily incurred.

### E. Webb's Compliance with Obligations to Eliminate Redundant, Duplicitous, Unnecessary Time Entries

The accompanying Declaration of Jacqulyn Mack Majka, Esq., Exhibit 1 hereto, sets forth the required assurances that firm-wide time entries have been carefully examined and duplicitous or unnecessary entries have been eliminated. Consideration must be given to time which reflects attorneys' mandated review and supervision of paralegals efforts in accordance with the ethical obligations and scrutinize their research and work product. Time charged for discharging this duty is not considered to be redundant or duplicitous and is recoverable as necessary attorney's fees.  Moreover, where an experienced paralegal performs tasks customarily undertaken by lawyers, he or she is entitled to a fee at the upper end of the scale of reasonable market hourly rates.  As a retired former attorney with federal litigation experience in other districts and the United States Attorney's office, it is respectfully suggested the rate sought for Webb's paralegal Jacqueline Skubik, Esq. (retired) should be at the top end of the rate scale.

### F. Local Rule 7.01(c)(2) Resolved Issues

The parties agree that time devoted to answering the City's pending appeal to the Eleventh Circuit Court of Appeals is not compensable in this action but will be sought in that venue. Accordingly, time attributed to this category of attorney's fees has been deducted from the accompanying timekeeper entries and is not sought to be recovered herein.

**Local Rule 7.01(c)(4) Disputed Rate or Hours**:

**(4) includes for any disputed rate or hour:**

**(A) the timekeeper's identity, experience, and qualification;**

See, attached Exhibit 1.

**(B) the timekeeper's requested hours;**

See, attached Exhibit 1.

**(C) each task by the timekeeper during those hours;**

See, attached Exhibit 1.

**(D) the timekeeper's requested rate;**

See, attached Exhibit 1.

**(E) lead counsel's verification that counsel charges the rate requested, has reviewed each task, and has removed each charge for a task that is excessive, duplicative, clerical, or otherwise unreasonable;**

See attached Exhibit 1.

**(F) evidence showing the reasonableness of the rates based on the prevailing market rate in the division in which the action is filed for similar services by a lawyer of comparable skill, experience, and reputation; and**

See, Declaration of Ryan David Barack dated April 20, 2022 (Exh. A to Dkt. 156) and Supplemental Declaration of Ryan David Barack Exhibit 2 hereto. See also Exhibit 4, and its summary of defense counsel attorney fees and expenses for the time period December 5, 2018 through June, 2023 (for work ending May 17, 2023). The City's attorney's fees evidenced by the invoices total $267,042.59 and its expenses totaled $21,806.81.

**Pursuant to Local Rule 7.01(c) (5), Webb has included for the disputed non-taxable expenses A) Receipt B) Lead Counsel's verification:**

The required documentation for the disputed non-taxable expenses, as far as Webb can discern from the City's past position, are found in Exhibit 1, hereto, along with supporting receipts found in Dkt.s 145 & 158 as outlined in Exhibit 1.

**(A) a receipt for, or other evidence of, the expense previously filed at Dkt. 145 & 158.**

**(B) lead counsel's verification that counsel incurred the expense.**

The Verification of lead trial attorney Kerry E. Mack, Esq. and lead litigation counsel Jacqulyn Mack-Majka are found at Exhibit 1.

## Conclusion

It is clear that Webb is entitled to an award of reasonable attorney's fees and costs in pursuing this matter. The Court should find the requested fees and costs to be reasonably incurred and should not reduce the lodestar as no factors exist to support a reduction.

## Local Rule 3.02 (g) Certification

Counsel for the movant and the respondent have conferred telephonically in a good faith effort to resolve this motion pursuant to the requirement of Local Rule 3.01(g) and have failed to resolve issues as stated herein.

/s/ Jacqulyn Mack-Majka
Jacqulyn Mack-Majka, Esquire
Lead Pre-Trial and Post-Trial Counsel

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by e-mail to all counsel of record via the Court's CM/ECF system on August 23, 2023.

/s/ Jacqulyn Mack-Majka
Jacqulyn Mack-Majka, Esquire
Florida Bar No.: 0134902
**MACK LAW FIRM CHARTERED**
Primary:  eservice1@macklawfirm.org
Secondary: eservice2@macklawfirm.org
2022 Placida Road
Englewood, Florida  34224-5204
(941) 475-7966
(941) 475-0729 fax
Attorneys for Plaintiff Webb

Counsel for the City of Venice:
Mark E. Levitt, Esq.
mlevitt@fordharrison.com
Marc A. Sugerman, Esq.
msugerman@fordharrison.com
FordHarrison, LLP
300 South Orange Avenue
Suite 1300
Orlando, FL 32801
(407) 418-2300