## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KENITE WEBB,

     Plaintiff,

v.                         CASE NO. 8:19-cv-3045-TPB-TGW

CITY OF VENICE,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the Plaintiff's Supplemental Motion for Attorney's Fees, in which he requests $366,643.40 in fees (Doc. 197). The defendant has filed a response in opposition (Doc. 199).

Similar to his previous motion regarding fee entitlement and costs, the present motion for attorney's fees is also problematic. Thus, I recommend that the renewed request for costs be denied as the plaintiff's asserted arguments were already dealt with in my prior report. Further, due to a multitude of problems, namely excessive billing and block billing, I recommend that the plaintiff be awarded $162,166.99 in attorney's fees.

I.

The plaintiff, Kenite Webb, was a police officer with the Venice

1

Police Department beginning in 2015 (Doc. 80, p. 1). The plaintiff alleges that he was subjected to racial discrimination, harassment, and retaliation by the Venice Police Department beginning in November 2017 (id.). Thus, the plaintiff filed a Complaint (Doc. 1) on December 11, 2019, and later filed an Amended Complaint (Doc. 29) on May 5, 2020. In the amended complaint, the plaintiff alleged five counts: (1) discrimination under 42 U.S.C. § 1983 (2) discrimination based on race under Title VII, (3) retaliation under Title VII, (4) discrimination based on race under the Florida Civil Rights Act ("FCRA"), and (5) retaliation under the FCRA (see id., pp. 16, 22, 26, 28, 30).

The defendant filed a motion for summary judgment as to all of the plaintiff's claims (see Doc. 50). United States District Judge Thomas P. Barber granted in part and denied in part the defendant's motion. Thus, Judge Barber granted the motion with respect to Count I under 42 U.S.C. § 1983, Counts II and IV for discrimination based on tangible adverse employment actions, and the claims for retaliation in Counts III and V (see Doc. 80, pp. 20–21). The motion was denied with respect to the plaintiff's claims of discrimination based on hostile work environment in counts II and IV.

2

The case proceeded to a 5-day jury trial based on the hostile work environment claim. At the trial, the plaintiff presented evidence that he was subjected to a multitude of race-based insults and other discriminatory behavior while employed at the Venice Police Department. The jury returned a verdict in favor of the plaintiff with an award of $50,000.00 (see Doc. 138).

The plaintiff filed a litany of motions in an attempt to recover his costs and attorney's fees. Judge Barber referred those matters to me for a report and recommendation. In sum, in my report I recommended that the plaintiff only be awarded $3,666.50 in costs (Doc. 187, p. 21). Further, I recommended that the plaintiff, as the prevailing party, be entitled to recover his reasonable attorney's fees by a separate motion (id.). Judge Barber adopted my report and recommendation, except that he awarded $885.00 instead of $405.00 for one of the deposition transcripts requested by the plaintiff (see Doc. 195). Following Judge Barber's order, the plaintiff filed the present Supplemental Motion for Attorney's Fees (Doc. 197), to which the defendant has filed a response in opposition (Doc. 199). The matter was referred to me.

The plaintiff's motion seeks to recover costs that were

previously denied. Thus, I recommend that the plaintiff's request for costs be denied since, in my previous report, I addressed the same arguments he reasserts here. Accordingly, the present report relates only to the matter of the plaintiff's request for attorney's fees.

## II.

Section 2000e–5k of Title 42, U.S.C., provides that, in a Title VII action, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs . . . ." Similarly, under the FCRA, a prevailing party may recover fees as the prevailing party. See Fla. Stat. 760.11(5). A prevailing plaintiff generally receives his attorney's fees as a matter of course. Christianburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412 (1978). There is no question that the plaintiff is the prevailing party as the jury found in favor of the plaintiff and awarded him $50,000.00 in damages. See Douglas v. Zachry Indus., Inc., No. 6:13-cv-1943-ORL-40-GJK, 2015 WL 6750803 at *4 (M.D. Fla. Nov. 5, 2015) (plaintiff who succeeded after a five-day jury trial was deemed to be the prevailing party). Thus, the only matter remaining for determination is the amount of a reasonable attorney's fees to be awarded.

4

As correctly identified by both parties, the federal lodestar approach is used to determine a reasonable attorney's fees award pursuant to Title VII and the FCRA. Holland v. Gee, No. 8:08-cv-2458-T-33AEP, 2012 WL 5845010 at *2 (M.D. Fla. Oct. 23, 2012), report and recommendation adopted, No. 8:08-cv-2458-T-33, 2012 WL 5845344 (M.D. Fla. Nov. 19, 2012). In order to determine a "lodestar amount of fees" to be awarded, "courts multiply the reasonable hourly rate by the reasonable hours expended." Id. (internal citations omitted). The fee applicant bears the burden of presenting satisfactory evidence to establish that the requested rate is in accord with the prevailing market rate and that the hours are reasonable. Norman v. The Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299, 1303 (11th Cir. 1988). Once the lodestar is determined, the court must then consider whether an adjustment of the lodestar for the results obtained is appropriate. See Perdue v. Kenny A. ex. rel. Winn, 559 U.S. 542, 552 (2010). Hours that are "redundant, excessive, or otherwise unnecessary" are not to be included in the determination of hours reasonably expended. See Perez v. Carey International, Inc., 373 Fed. Appx. 907, 910–11 (11th Cir. 2010) (internal citations omitted).

5

1.  <u>Hourly Rates</u>.

The court must determine a reasonable hourly rate for the services of the prevailing plaintiff's attorneys. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." <u>Norman</u> v. <u>The Housing Authority of the City of Montgomery</u>, <u>supra</u>, 836 F.2d at 1299. The fee applicant bears the burden of providing "the court with specific and detailed evidence from which the court can determine [a] reasonable hourly rate." <u>Id</u>. at 1303.

In this matter, the plaintiff was represented by attorneys Kerry E. Mack and Jacqulyn Mack-Majka with the The Mack Law Firm (Doc. 197, p. 9). Further, paralegals Jacqueline M. Skubik and Heather Hooper, with the same law firm, worked on this matter (<u>id</u>.).

For attorney Kerry E. Mack, who is listed as lead counsel, the plaintiff requests an hourly rate of $450.00 and for Jacqulyn Mack-Majka an hourly rate of $400.00 (Doc. 197-1, p. 5). Attorney Mack-Majka has submitted an affidavit in support of these hourly rates (<u>see id</u>.). Thus, she states that she has been a practicing attorney since 1998, with a focus in the

6

areas of appellate practice, personal injury, criminal defense, and commercial litigation in both federal and state court (id., p. 2). She states that her hourly rate has been $400.00 since May 2012 (id., p. 3). She goes on to state that attorney Kerry E. Mack's hourly rate has been $450.00 since January 2018 and that she "has been a licensed attorney in good standing with the State of Florida since 1982" (id.). She does not provide any information regarding Ms. Mack's legal experience.

The plaintiff has also provided the affidavit of attorney Ryan David Barack in support of the requested rates (see Doc. 197-2).[1] Mr. Barack is the co-founder of Kwall Barack Nadeau, PLLC, and has been a member of the Florida Bar since 1998 (Doc. 156, p. 3). Further, Mr. Barack is board certified in Labor and Employment Law by the Florida Bar (id.). In his affidavit, he states that the proposed hourly rates are reasonable, in particular when compared to his own hourly rate $595.00 for "representing employers or when representing employees on an hourly, rather than contingent, basis" (Doc. 197-2, p. 2). He states that he believes the requested rates are below

---

[1] Mr. Barack incorporates by reference his previous affidavit, which was submitted by the plaintiff in connection with his Bill of Costs (see Doc. 156).

average for the hourly rate "for lawyers of similar qualifications" (id.).

The defendant opposes the requested rates for both attorneys Mack and Mack-Majka. Thus, the defendant states that the requested rates "exceed the prevailing rates in the Middle District of Florida" (Doc. 199, p. 7). Importantly, the defendant states that neither attorney has experience in the area of labor and employment (id., p. 8). In fact, the defendant points out that the attorneys confirmed that this was their first employment discrimination case (id., pp. 8–9; see also Doc. 175). Thus, Mr. Barack's assessment that the proposed rates are reasonable since they are lower than his own hourly rate is questionable, given that he is clearly experienced in the area of labor and employment while these attorneys are not.

In turn, the defendant proposes hourly rates of $300.00 for attorney Mack and $275.00 for attorney Mack-Majka (Doc. 199, p. 9). The defendant explains that "these rates are consistent with the blended rate of $275 for partners and associates charged by undersigned counsel to the City" (id.). I find that these rates are reasonable and should be accepted. See Norman v. The Housing Authority of the City of Montgomery, supra, 836 F.2d at 1303 (providing that the court itself is an expert in determining

8

prevailing market rates).

Paralegals, Jacqueline M. Skubik and Heather Hooper, also worked on this matter. Ms. Skubik appeared to work the majority of the hours—including more than the attorneys—while Ms. Hooper worked minimally on the matter. The plaintiff requests an hourly rate of $150.00 for both paralegals (Doc. 197-1, p. 5). An hourly rate of $150.00 for paralegal work is, on its face, too high. Further, no information has been provided regarding Ms. Hooper's legal experience. Thus, I find that for Ms. Hooper an hourly rate of $100.00 is appropriate. See, e.g., Rudy v. USI Solutions, No. 8:21-cv-585-JSM-TGW, 2022 WL 610785 at *10 (M.D. Fla. Mar. 2, 2022), report and recommendation adopted sub nom. Rudy v. Synergetic Commun., Inc., No. 8:21-cv-585-SDM-TGW, 2022 WL 1238654 (M.D. Fla. Mar. 17, 2022) (awarding an hourly rate of $100.00 for paralegal work); Nestor v. VPC3 II, LLP, No. 8:20-cv-265-CEH-TGW, 2022 WL 18586972 at *4 (M.D. Fla. Dec. 29, 2022), appeal dismissed, No. 23-10331, 2024 WL 1107412 (11th Cir. Mar. 14, 2024) (same).

The plaintiff, as indicated, requests an hourly rate of $150.00 for Ms. Skubik's work. Thus, in her affidavit attorney Mack-Majka states

9

that Ms. Skubik earned a J.D. degree in 1985 and retired from practicing law as an attorney in 2015 (Doc. 197-1, pp. 3–4). Ms. Skubik's hourly rate has been $150.00 since April 2020 (id., p. 3). Further, in his affidavit, Mr. Barack states that, based on his experience, the hourly rate for a paralegal with experience like Ms. Skubik "is at or below the market rate for paralegals of similar qualifications" (Doc. 197-2, p. 2). The defendant states that the requested rate is reasonable and, thus, does not oppose it (Doc. 199, p. 11). This requested rate should be accepted.

2. Reasonableness of the Number of Hours Expended.

The second half of the lodestar determination requires the court to calculate the number of hours reasonably expended on the litigation. Accordingly, the court "still must determine whether time was reasonably expended, and if it was not, that time should be excluded from the fee calculation." Perez v. Carey International, Inc., supra, 373 Fed. Appx. at 911. It is the fee applicant's burden to document adequately the number of hours expended on a given case. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Thus, "[the fee applicant] should have maintained records to show the time spent on the different claims, and the general subject matter of the time

10

expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." Norman v. The Housing Authority of the City of Montgomery, supra, 836 F.2d at 1303. The applicant bears the burden of supplying such evidence to the court for its review. Id.

The defendant refutes numerous hours expended by attorneys Mack and Mack-Majka, as well as Ms. Skubik (see Docs. 199, 199-1, 199-2). Thus, the defendant proposes an hour-by-hour reduction of the attorneys' work and an overall, across-the-board reduction of Ms. Skubik's work (Doc. 199, pp. 12, 14). Further, the defendant requests that the lodestar amount be reduced by 30% given the fact that a majority of the plaintiff's claims were dismissed at summary judgment (id., p. 16).

A. Attorney Kerry E. Mack's Hours.

The defendant sets forth the specific hours it refutes by attorney Kerry E. Mack in a chart, attached as an exhibit (see Doc 199-1). The defendant's chart barely spans three pages and, thus, it is feasible to conduct an hour-by-hour analysis. See Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008) (noting an hour-by-hour analysis may be conducted).

11

Some of the defendant's assertions are meritorious while others are not. Thus, while the onus is on the fee applicant, the plaintiff in this matter, to set forth its time entries with "sufficient particularity," the party objecting to the requested time should object in a clear, specific, and reasonably precise manner. Norman v. The Housing Authority of the City of Montgomery, supra, 836 F.2d at 1303; American Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (providing that the party objecting to the requested time should object in a clear, specific, and reasonably precise manner).

First, the defendant refutes a time entry of "[p]reparation of HIPPA" as "[v]ague and appears unrelated" (Doc. 199-1, p. 1). This objection is not clearly particularized and, accordingly, should be disregarded. See American Civil Liberties Union of Georgia v. Barnes, supra, 168 F.3d at 428. Further, the defendant refutes two time entries related to Dr. McAllister. Thus, the defendant challenges an entry labeled "[p]rep and attend phone conference with Dr. McAllister," as "[u]nncessary because Dr. McAllister was not disclosed as an expert witness and was not called at trial as a fact witness" (Doc. 199-1, p. 1). The fact that Dr. McAllister was

12

not listed as an expert witness or ultimately not called to testify does not mean that the time spent is excessive or unnecessary. Perdomo v. Sears, Roebuck and Co., No. 97-2822-cv-T-17A, 1999 WL 1427752 at *8 (M.D. Fla. Dec. 3, 1999) ("Without more, this Court cannot find that time spent preparing witnesses for trial, even if those witnesses are not ultimately called to testify, is excessive, redundant, or unnecessary."). Moreover, there are a multitude of entries noting Dr. McAllister, including one where it was being assessed whether Dr. McAllister should be designated as an expert witness, in addition to his status as the plaintiff's treating physician (see Doc. 197-1, p. 43). Thus, the defendant's contention regarding those time entries should be disregarded.

On the other hand, the defendant meritoriously challenges time submissions on various grounds. For instance, the defendant objects to a charge of two hours to "attend and participate" in a pretrial conference in front of Judge Barber that only lasted 47 minutes. The defendant proposes that the time be reduced to one hour. This should be adjusted accordingly. Additionally, the defendant objects to a bill for four hours of travel to the final pretrial conference in front of Judge Barber. However, as the defendant

13

points out and the record confirms, this conference was cancelled with two-days' notice. Thus, that time entry should be rejected.

The defendant refutes several time entries related to travel by attorney Mack during the five-day jury trial. The defendant argues that attorney Mack "chose to stay at a relative's residence in St. Petersburg during trial rather than at a hotel near the courthouse in Tampa. It would not be reasonable to pass along attorney's fees billed at standard rates for these hours" (Doc. 199, p. 13). Accordingly, the defendant requests that five entries have one hour reduced from the time submitted for travel from St. Petersburg, Florida, to Tampa, Florida (Doc. 199-1, p. 2). The defendant is correct. Thus, "[t]his time spent did not require any legal skill or experience, and there is no assertion that productive work was done during the travel time that was not otherwise billed." Neiuwenhoven v. Pisani, No. 5:23-cv-34-GAP-PRL, 2023 WL 3794568 at *8 (M.D. Fla. May 18, 2023), report and recommendation adopted, No. 5:23-cv-34-GAP-PRL, 2023 WL 3791463 (M.D. Fla. June 2, 2023). Plaintiff's counsel could have stayed at a hotel in Tampa, Florida, at a lower nightly rate than the hourly rate that she has requested. Moreover, in the time entries submitted, counsel does not

14

separate the time spent traveling from the trial work itself, which is an impermissible form of block billing. American Civil Liberties Union of Georgia v. Barnes, supra, 168 F.3d at 432 (noting that "[t]he imprecision of the billing records submitted by the plaintiff[] makes it difficult, if not impossible, to calculate with any precision the number of hours an attorney devoted to a particular task in this litigation"). In sum, the following entries should be reduced for attorney Kerry E. Mack, with the final approved hours included:

| Date | Description | Requested Hours | Approved Hours |
|------|-------------|-----------------|----------------|
| 11/18/21 | Attend and participate in [Pre-Trial] Conference with adversary and Judge T. Barber. | 2.00 | 1.00 |
| 1/27/22 | Travel [to/from] Englewood to Tampa for last final pre-trial conference in person | 4.00 | 0 |
| 2/7/22 | Travel to/from St. Pete to Tampa [to] attend trial day #2. | 8.50 | 7.50 |
| 2/8/22 | Review [day] 1 notes, prepare for day 2, travel to/from St. Petersburg to Federal Court Tampa. | 10.50 | 9.50 |
| 2/9/22 | Travel to/from St. Pete/Tampa [to] attend trial day 3/pre-trial prep. | 10.50 | 9.50 |
| 2/10/22 | Prepare and attend day four | 10.50 | 9.50 |

| | | | | |
|---|---|---|---|---|
| | of trial, prepare closing argument & review jury instructions and verdict; travel to/from St. Pete/Tampa. | | | |
| 2/11/22 | Travel to/from St. Pete/Tampa await jury verdict, discuss implications with client, advise to be very aware at work post trial. | 8.50 | 7.50 | |

Requested hours: 68.50
*minus*
Reduced hours: 10.00 (1.00 + 4.00 + 1.00 + 1.00 + 1.00 + 1.00 + 1.00)
**Approved hours: 58.50**

## B. Attorney Jacqulyn Mack-Majka's Hours.

Similar to attorney Mack, the defendant provides a chart of attorney Mack-Majka's hours that it opposes (see Doc. 199-2). Of the 417.60 hours requested by attorney Mack-Majka, the defendant objects to a total of 219.81 hours, the majority of which objections are meritorious. An extensive review of attorney Mack-Majka's hours reveals that they are largely unreliable.

For instance, similar to attorney Mack, the defendant objects to entries submitted for a pretrial conference that never happened. Thus, attorney Mack-Majka submitted three entries related to a pretrial conference.

16

She claims that on January 25, 2022, she "attend[ed] final pre trial conference in person in Tampa" and billed 1.5 hours (Doc. 197-1, p. 25). However, a review of the record shows that while a pretrial conference occurred on January 25, 2022, it occurred virtually and, moreover, only lasted 35 minutes (see Doc. 112). Attorney Mack-Majka submitted two entries related to a pretrial conference for January 27, 2022. Thus, she billed 1.5 hours for "attend[ing] in person final pre trial conference [i]n Tampa" and 4.0 hours for "travel time from Englewood to Tampa [sic] to attend Final [sic] PTC in person" (Doc. 197-1, p. 25). However, as stated, that pretrial conference never occurred. This is clearly unacceptable. Further, attorney Mack-Majka also chose to stay at a relative's residence in St. Petersburg during trial rather than stay at a hotel near the courthouse in Tampa. Accordingly, the excess hours spent traveling are also unacceptable. Neiuwenhoven v. Pisani, supra, No. 5:23-cv-34-GAP-PRL, 2023 WL 3794568 at *8.

The defendant further states that multiple entries are a form of impermissible block billing. The defendant is correct as to the greater majority of the entries it has identified, as well as some I identified on my

17

own. "'Block billing' occurs when an attorney lists all the day's tasks on a case in a single entry, without separately identifying the time spent on each task." Ceres Environmental Services, Inc. v. Colonel McCrary Trucking, LLC, 476 Fed. Appx. 198, 203 (11th Cir. 2012). "The problem with block billing is that it 'results in "imprecision" in an attorney's records . . . a problem for which the opponent should not be penalized.'" McBride v. Legacy Components, LLC., No. 8:15-cv-1983-EAK-TGW, 2018 WL 4381181 at *2 (M.D. Fla. Aug. 30, 2018), aff'd, 778 Fed. Appx. 708 (11th Cir. 2019). For instance, attorney Mack-Majka made the following submissions, with the corresponding hours spent on the task noted in bold font (Doc. 197-1, pp. 19, 26, 27):

> 6/24/20: Tele conference with Mark Levitt, attorney for COV re: dates in Preliminary Conf. Order; initial disclosures; insurance agreement; Covid-19 extension, July 16 evidentiary hearing; continue preparation of document production; tele w Kenite re docs needed for responses; emails w/ outstanding tasks including outstanding interrogatories for review and supplementation; Whittaker contact next week; Matrix Consulting 124 pg. report; Travis Miller VP lead investigator commissioned by City Counsel after Marty Black took office because police complained when to spoke to them after taking office about problems morale, etc.; not following through w/ complaints

18

and investigations of officers; not following consistent polices so KW problems have long history without being corrected; COV policy of deliberate indifference confirmed in Matrix study; obtaining treatment records from Lisa Jennay; School resource position and email from Babette 3-21-18; MM invite to schedule meeting to discuss position SRO and selection; draft email to Louis Whitsett, EEOC re KW status; email KW w P's Response to 1st Rogs for comment; JMM email; client's timeline.
**2.5 hours**

2/16/22: Legal Research on award of attorney fees and costs to prevailing party in employment action under Title VII; Review rule 54, FRCP, Judgment and Costs, Summary of time records spent on KW case. discussion w JMM re award of legal fees; prepare summary ; pull form AO 133 Bill of Costs, review Rule 54 F.R. Civ Pro. ; Review Adjusted Laffey Matrix for rates; Review Fitzpatrick Matrix in cases from DC Cir. for rates; research 2022 prevailing rate for attorneys and paralegals; Review loadstar calculation requirements, research prevailing atty fee rates for Tampa; prepare memo to file, email to attys. B
**6.30 hours**

3/07/22: Finalize Bill of Costs and exhibits, prepare Affidavits of JMM and HH.
**8.00 hours**

3/21/22: Emails with legal fee witness/expert Ryan David Barack. Review D's application to extend time to respond to motion for fees; review def. motion to strike P's Fee/Costs motion; attend

19

tele conference with fee expert Ryan Barack on Zoom re fee application.
**2.35 hours**

Such entries, submitted by seasoned attorneys, are clearly unacceptable and make the task of determining attorney's fees extremely burdensome on the court. American Civil Liberties Union of Georgia v. Barnes, supra, 168 F.3d at 432 ("The imprecision of the billing records submitted by the plaintiff[] makes it difficult, if not impossible, to calculate with any precision the number of hours an attorney devoted to a particular task in this litigation.").

The defendant also contends that attorney Mack-Majka spent an excessive amount of time on the matter of attorney's fees, both in the present motion as well as the prior motion regarding entitlement (Doc. 199, p. 14). Thus, the defendant estimates that attorney Mack-Majka has spent 72.5 hours regarding fee entitlement matters (id.).[2] The defendant is correct that attorney Mack-Majka has spent an excessive amount of time with respect to fee entitlement. Omnipol, A.S. v. Worrell, 8:19-cv-794-VMC-

---

[2] The defendant's response states that attorney Mack, not attorney Mack-Majka, spent 72.5 hours, however, that appears to be an error.

20

TGW, 2021 WL 1842212 at *5 (M.D. Fla. Mar. 23, 2021), <u>report and recommendation adopted,</u> 8:19-cv-794-VMC-TGW, 2021 WL 1840513 (M.D. Fla. May 7, 2021) (noting that the amount of time spent on a fee entitlement matter was excessive); <u>Nestor v. VPC3 II, LLP,</u> <u>supra,</u> 2022 WL 18586972 at *6 (same, <u>citing</u> <u>Omnipol</u>).

  The prior motions, which should have dealt with entitlement only, were problematic. As I stated in my report and recommendation, plaintiff's counsel failed to follow the appropriate procedure seeking attorney's fees and costs and, thus, grossly overcomplicated the matter (<u>see</u> Doc. 187, pp. 2–3). The present motion for attorney's fees is not much better. For instance, the memorandum of law is not even stated in the face of the motion and, rather, is included as one of four exhibits. Moreover, the voluminous billing records included as exhibits are, apparently, not even trustworthy. Once again, the defendant deserves credit for assisting the court with understanding the plaintiff's filings.

  For these reasons, it is appropriate to apply an across-the-board reduction of attorney Mack-Majka's hours by 40%. <u>Gundlach</u> v. <u>Natl. Ass'n for Advancement of Colored People, Inc.,</u> No. 3:03-cv-1003J32-MCR, 2005

WL 2012738 at *4 (M.D. Fla. Aug. 16, 2005) (assessing a 30% reduction of billed hours due to block billing); Dais Analytic Corp. v. Soex (Hong Kong) Indus. & Inv. Co. Ltd., No. 8:15-cv-2362-MSS-AAS, 2021 WL 9949847 at *5 (M.D. Fla. Aug. 23, 2021), judgment entered, No. 8:15-CV-2362-MSS-AAS, 2022 WL 18492703 (M.D. Fla. June 8, 2022) (assessing a 10% reduction of billed hours due to block billing). Further, after a thorough review, it was determined that an across-the-board cut will ultimately not lead to a vastly different result than would have occurred doing an hour-by-hour analysis, which would be burdensome and unnecessary. Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994) (recognizing that an hour-by-hour review is unnecessary if it is unduly burdensome); Ft. Lauderdale Food Not Bombs v. City of Ft. Lauderdale, No. 23-10173, 2023 WL 6563864 at *3 (11th Cir. Oct. 10, 2023) (same) (quoting Bivins v. Wrap It Up., Inc., 548 F.3d 1348, 1350 (11th Cir. 2008)), Furthermore, an across-the-board reduction is supported by the Supreme Court's statement that a fee dispute should not result in a second major litigation. Hensley v. Eckerhart, supra, 461 U.S. at 437.

Accordingly, attorney Mack-Majka's hours will be reduced by 40%. Thus, she should be permitted to bill 250.56 hours.[3]

C. <u>Paralegal Jacqueline Skubik's Hours</u>.

Unlike with the attorneys' hours, the defendant requests that Ms. Skubik's hours be reduced across-the-board by 75% (Doc. 199, p. 14). As an initial matter, the defendant correctly asserts that Ms. Skubik should not be permitted to recover hours spent working on the appeal of this matter (<u>id</u>., p. 15). However, it appears that these hours have been appropriately reduced in the requested hours by plaintiff's counsel (<u>see</u> Doc. 197-1, p. 5). Thus, that argument is properly disregarded.

Ms. Skubik billed the majority of the hours in this matter, as plaintiff's counsel requests that she be permitted to recover for 1,014.09 hours of work, which is more than double that of attorney Mack-Majka (Doc. 197-1, p. 5). The defendant argues that Ms. Skubik's hours are "excessive, redundant, or otherwise unnecessary," that the volume of hours is unreliable,

---

[3] 417.6 x 0.40= 167.04. Thus, 417.6 – 167.04= 250.56. Notably, the number of hours permitted is close to the reasonable hours suggested by the defendant.

and that Ms. Skubik impermissibly block billed the vast majority of her hours (Doc. 199, pp. 14–15). The defendant's argument is meritorious.

The vast majority of Ms. Skubik's hours are impermissibly block billed and, notably, oftentimes for periods of entire days. Thus, frequently Ms. Skubik would bill six to nine hours in a single day while working on this matter (see, e.g., Doc. 197-1, pp. 34–41, 50, 52–55, 59, 61–63, 65–66). Further, almost all of the entries are block billed, where she includes multiple tasks in a single time entry which, in this case, is usually an entire day. Hodges v. School Board of Orange County, Fla., No. 6:11-cv-135-ORL-36, 2014 WL 6455436 at *11 (M.D. Fla. Nov. 13, 2014) (citing Kearney v. Auto-Owners Ins. Co., 713 F.Supp. 2d 1369, 1377–78 (M.D. Fla. 2010) in analysis of impermissible block billing).

Further, some of Ms. Skubik's entries are so sparse, they do not provide sufficient detail of the task being performed, and certainly not for the amount of hours requested. Local Access, LLC v. Peerless Network, Inc., No. 6:17-cv-236-ORL78EJK, 2021 WL 9613924 at *7 (M.D. Fla. Jan. 6, 2021), report and recommendation adopted, No. 6:17-cv-236-WWB-EJK, 2021 WL 9599892 (M.D. Fla. Mar. 16, 2021) ("A fee applicant bears the

24

burden of sufficiently describing the tasks for which fees are sought.")

(citing Norman v. The Housing Authority of the City of Montgomery, supra, 836 F.2d at 1303). For example, Ms. Skubik made the following submissions, with the corresponding hours spent on the task noted in bold font (Doc. 197-1, pp. 34, 35, 46, 53):

> 4/30/20: Continue work on Webb v Venice in office. Research Archives, Venice Library, Keyworks: Caucasian, African American, segregation, blacks, race, racial. Continue compilation of list of questions to discuss with KW; continue timeline of events; continue draft P's Demand for Document production.
> **8 hours**

> 5/20/20: Review Defendant's motion to dismiss count I of Amended Complaint. Review Answer to Amended Complaint and Affirmative Defenses. Conf with JMM; tele Kenite Webb; continue preparation of draft response to Defendant's Request for Interrogatories.
> **8 hours**

> 3/31/21: Revisions to Statement of Facts, MOL, Citations to record.
> **8 hours**

> 1/28/22: assist with exhibit [sic] book preparation.
> **7.5 hours**

Further, the entries also indicate, as the defendant argues, that the hours put forth on a number of tasks are excessive. For instance, Ms. Skubik has eight entries, totaling 60.31 hours, that relate to the plaintiff's response to the defendant's first set of interrogatories and request for production (see Doc. 197-1 p. 36–37). Thus, 60.31 appears to be excessive for providing a response to discovery requests. Further, there appear to be at least thirteen (if not more) entries related to drafting the plaintiff's response in opposition to the defendant's motion for summary judgment and statement of undisputed facts, totaling 78.12 hours (see Doc. 197-1, pp. 45–47); Hodges v. Sch. Bd. of Orange Cnty., Fla., supra, 2014 WL 6455436 at *10 (providing that 61.7 hours is excessive for preparing and revising a response to a party's motion for judgment as a matter of law).

Additionally, a number of Ms. Skubik's entries are incomprehensible. While the block billing by itself makes it hard to understand her entries, it is worsened by the fact that the entries contain a slew of unnecessary information and typographical errors. Thus, several of her entries read more like notes to herself that she then did not edit before submitting for billing. For example, Ms. Skubik made the following

26

submissions, with the corresponding hours spent on the task noted in bold

font (Doc. 197-1, pp. 35, 36, 37):

> 6/10/20: conference with client re updates
> including R Terry incident on hospital car break-
> in; review outstanding discovery requests and
> responses to date; assess Montanez as comparator
> for crash while reading computer May 21, 2020;
> case No 20-000797, report can't be located. no
> discipline; car fixed, revisions; review Fernandez
> v Trees Acquisition, Inc. 11th Cir; discussion of
> issues for Tucci (ASMI union rep for COV) to
> cover in tele conf re KW case and status in COV
> emp. discrim cases he handles/involved in;
> discussion re 2 letters sent my DOJ to COV for
> other violations in 2009, 2010; inability to locate
> discipline for city employees involved in noose
> incident; union rep Tucci ASME info on lack
> public works emp. Target of noose Alton King;
> discussion re Williamson violations; PIP
> violations; discrepancy re punishment of 4 days
> recommended by chief but its more than 1 yr for
> prior so shouldn't count. disparate treatment
> possible; requirement that all complaints be
> investigated, but Quick failed to investigate KW
> complaint; reports rejected for 2 months as
> harassment; someone cleared out mailbox and lost
> reports; Quick said he's getting written up again re
> girl who said she was being followed; set up? B.
> Long baby momma is Jamie hoy's supervisor? Bill
> fo rights not followed. Discovery on sources for
> pay for SRO: is it split between school Bd and
> City; discussion re Eleftherios ins. complaint;
> KW's family disturbed at home by banging on
> door when KW not there, car not there; re exposure

27

to COVID his child was extremely thinking Daddy was in trouble, why are they looking for him? Banging on door aggressively, upsetting family; Silva sent home because he was sneezed on. KW w heart problems not COVID 19; not awarded DOT acknowledgement for click it or ticket highest performer because they're dissing KW; black public works guy getting dissed; MM comment re banana: "throw it away" discussions on EEOC posters in workplace; videos of Hoy's signature never producted in IA, Bill fo Rights not followed, pay sources for SRO? Tucci ASME rep; Noose incident; discipline; skinny blk guy in truck hit line: blk guy at water treatment, cops all over him;
**8 hours**

6/29/20: Continue preparation of document production response; interrogatories, incl. Whittaker; taxes, Steve Young; IA's, damages; photos fo banana in trunk. Email client w outstanding items to complete re discovery.
**6.80 hours**

7/3/20: Re Document Production, develop suggested category of documents to be produced; pdf's of case items incl. EEOC binder, COV docs; PD org charg, Webb personnel files, etc. Investigations and Discipline: IAI, SI, SI Jamie Hoy docs Sanford Docs; Comparitors' info./Disparate treatment Creasy Montanez Long Other people's complaints/problems with VPD Perisho memo Audio recordings (not sure how these are going to be marked) Damages Tax returns, medicals, email JMM.
**8 hours**

28

For these reasons, similar to attorney Mack-Majka, it is appropriate to apply an across-the-board reduction of Ms. Skubik's hours. The defendant proposes that a 75% reduction be applied (Doc. 199, pp. 15–16). That amount is too high; however, a 50% reduction is appropriate. Thus, as discussed, there is a litany of issues with Ms. Skubik's submitted hours. Perhaps the biggest issue is the fact that a vast majority of Ms. Skubik's hours are block billed for periods of entire working days. Magnifying that issue, many of the entries themselves lump together several tasks and are nonsensical. Accordingly, a 50% reduction should be applied. See Bivins v. Wrap It Up, Inc., 380 Fed. Appx. 888, 891 (11th Cir. 2010) (although "troublesome," district court did not abuse discretion by applying 85% reduction); Asbun v. Resende, No. 15-61370-CIV, 2016 WL 7635459 at *9 (S.D. Fla. Sept. 26, 2016), report and recommendation adopted, No. 15-61370-CIV, 2017 WL 24781 (S.D. Fla. Jan. 3, 2017) (finding a 50% reduction appropriate because the hours billed "were, in numerous circumstances, unreasonable, excessive, and unnecessary"); Maciejczyk v. You Fit, Inc., No. 8:12-cv-1462-T-27MAP, 2014 WL 585067 at *n.6 (M.D. Fla. Feb. 12, 2014) ("While I adopt the Magistrate Judge's recommendation

of a 50% reduction, considering the lack of billing judgment demonstrated in this case, a more substantial reduction could be justified, in the range of 65% to 75%.").

As indicated, Ms. Skubik was allotted a generous hourly rate because of her law degree and legal background. That experience, however, should result in a more efficient work product. She should not be allowed both a high hourly rate and excessive hours. Accordingly, Ms. Skubik should be permitted to bill 507 hours.[4]

In sum the lodestar amount for a reasonable attorney's fee is $162,166.99.[5]

III.

Finally, the defendant requests that the lodestar amount be reduced by an additional 30% due, in large part, to its success at the summary judgment stage (Doc. 199, pp. 16–18).

After determining the lodestar amount, "[t]he court may then adjust the lodestar to reach a more appropriate attorney's fee, based on a

---

[4] 1,014.19 x 0.50 = 507
[5] $300.00 x 58.50 = $17,550.00 + $275.00 x 250.56 = $34,452 + $150.00 x 507 = $76,050.00 + $100 x 1.15 = $115.00= **$162,166.99**

variety of factors, including the degree of the plaintiff's success in the suit."
Association of Disabled Americans v. Neptune Designs, Inc., 469 F.3d 1357,
1359 (11th Cir. 2006). Thus, the plaintiff's operative amended complaint
asserted five counts: (1) discrimination in violation of 42 U.S.C. § 1983, (2)
discrimination based on race in violation of Title VII, (3) retaliation in
violation of Title VII, (4) discrimination based on race in violation of the
Florida Civil Rights Act, and (5) retaliation in violation of the Florida Civil
Rights Act. As to the second and fourth count, the plaintiff asserted that the
defendant discriminated against him by creating or allowing a hostile work
environment (see Doc. 29). The defendant filed an amended motion for
summary judgment as to all five counts (see Doc. 50). Judge Barber granted
in-part and denied in-part the defendant's motion for summary judgment.
Thus, Judge Barber dismissed all counts except counts II and IV for
discrimination based on a hostile work environment claim (see Doc. 80).

   In cases where the plaintiff's claims for relief involve a common
core of facts or are based on related legal theories,

> [m]uch of counsel's time will be devoted generally
> to the litigation as a whole, making it difficult to
> divide the hours expended on a claim-by-claim
> basis. Such a lawsuit cannot be viewed as a series

31

> of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

Hensley v. Eckerhart, supra, 461 U.S. at 435.

The defendant argues that its success at the summary judgment stage warrants a reduction in the lodestar amount. Notably, it appears that the claims were interrelated such that "counsel's time [was] devoted generally to the litigation as a whole." Id. at 435. Thus, the crux of the plaintiff's lawsuit, even before disposing of the claims at summary judgment, centered around his allegations of discrimination based on race. The claims that went to trial that were successful were hostile work environment claims related to the plaintiff's race.

Importantly, superfluous hours were reduced from the attorneys' hours and a substantial reduction was applied to Ms. Skubik's hours. As indicated, the Eleventh Circuit has cautioned that a "request for attorney's fees should not result in a second major litigation." Id. at 437. "The essential goal ... is to do rough justice, not to achieve auditing perfection." Fox v. Vice, 563 U.S. 826, 838 (2011). Moreover, there is a "strong presumption" that the lodestar is a reasonable fee. Bivins v. Wrap It Up, Inc.,

32

supra, 548 F.3d at 1350. Thus, I recommend no adjustment to the lodestar in light of the plaintiff's success on his hostile work environment claims because the initial claims were closely intertwined. Degrasse v. Cocina Aqui, LLC, No. 8:16-cv-3329-T-35JSS, 2018 WL 1832898 at *4 (M.D. Fla. Mar. 5, 2018), report and recommendation adopted, No. 8:16-cv-3329-T-35JSS, 2018 WL 3635097 (M.D. Fla. Apr. 17, 2018) (recommending no adjustment to the lodestar in light of intertwined claims).

IV.

For the foregoing reasons, I recommend Plaintiff's Supplemental Motion for Attorney's Fees (Doc. 97) be **GRANTED, in part**. Thus, the plaintiff's rejuvenated request for costs should be denied. Further, I recommend that the plaintiff be awarded a reasonable attorney's fee in the amount of $162,166.99.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: August **5**, 2024.

33

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.