UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENITE WEBB,

    Plaintiff,

v.                                                                   Case No. 8:19-cv-3045-TPB-TGW

CITY OF VENICE,

    Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION IN PART**

This matter is before the Court on consideration of the report and recommendation of Thomas G. Wilson, United States Magistrate Judge, entered on August 5, 2024 (Doc. 203), addressing "Plaintiff Kenite Webb's Supplemental Motion Determining Amount of Attorney's Fees Including Related Nontaxable Expenses" (Doc. 197). Judge Wilson recommends that Plaintiff's motion be granted in part and denied in part. Plaintiff filed objections to the report and recommendation on August 16, 2024. (Doc. 208). Defendant did not file a response.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). A district court must "make a de novo determination of those portions of the [report and recommendation] to which an objection is made." 28 U.S.C. § 636(b)(1)(C). When no objection is filed, a court reviews the report and

recommendation for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006); *Nettles v. Wainwright*, 677 F.2d 404, 409 (5th Cir. 1982).

Judge Wilson recommends that Plaintiff be awarded attorneys' fees in the amount of $162,166.99, and that Plaintiff's request for additional costs and legal expenses be denied. Upon due consideration of the record, the Court adopts the report and recommendation, except as to certain elements in the calculation of fees and as to certain costs.

First, as to the amount of fees, the Court will add an additional 36.65 hours (to which Defendant did not object) to the 58.5 hours Judge Wilson recommends be allowed for work by attorney Kerry Mack. *See* (Docs. 197-1 at 5; 199-1 at 3; 203 at 16, 30 n.5). At the allowed rate of $300 per hour, this yields an additional $10,995 in fees attributable to Ms. Mack. As to work by attorney Jacqulyn Mack-Majka, based on the recommend rates and hours, the fee award totals $68,904 (adding $34,452 to the recommended amount). *See* (Doc. 203 at 30 n.5). These two additions, which are due to a mathematical oversight made by the Magistrate Judge, result in a total fee award of $207,613.99.

Second, Judge Wilson recommends that the requested costs be disallowed in their entirety. While the Court agrees as to some of the costs, the Court concludes that other requested costs should be allowed, but only in part. For purposes of this review, the Court will divide the requested costs into three sets.

The first set consists of costs potentially recoverable under § 1920, i.e., fees for service of process and for printing, witness fees, and copying costs. Plaintiff's motion requests costs in these categories totaling $11,170.05. *See* (Doc. 197-1 at 8).

As Judge Wilson notes, however, Plaintiff previously sought these same items in his bill of costs, but the Court disallowed them because Plaintiff failed to meet his burden of showing they were reasonable and necessary. *See* (Docs. 203 at 3-4; 187 at 11-17; 195). The Court therefore agrees with Judge Wilson's recommendation that these costs be disallowed. A motion under Local Rule 7.01 for fees and non-taxable costs should not afford a second bite at the apple for taxable costs previously submitted but rejected by the Court. Therefore, as to these costs, no further amounts will be awarded.

The second set of costs consists of miscellaneous non-taxable costs or expenses incurred in prosecuting Plaintiff's claim for relief or his claim for attorneys' fees. These are described as: exhibits in a trial notebook, travel and parking tolls, costs for a public records request apparently relating to Plaintiff's request for fees, costs for Plaintiff's medical records, and a fee for an expert witness, Dr. McAllister, who treated Plaintiff and was listed on Plaintiff's witness list for trial. *See* (Doc. 197-1 at 8). Under the broader scope allowed for recoverable costs in Title VII cases under 42 U.S.C. § 2000e-5(k), the Court will allow these additional costs, totaling $1,676.52.[1]

---

[1] 42 U.S.C. § 2000e-5(k) provides for an award of a "reasonable attorney's fee (including expert fees)" in Title VII cases. Fees recoverable include both those incurred in obtaining a judgment on the merits and those incurred the preparation of a motion for fees. *See, e.g.*, *Sheet Metal Workers Int'l Ass'n Local 15, AFL-CIO v. Law Fabrication, LLC*, 237 F. App'x 543, 550 (11th Cir. 2007) (noting that "federal statutory fee-shifting provisions ordinarily authorize fees on fees"); *Reed v. A.W. Lawrence & Co.,* 95 F.3d 1170, 1183 (2d Cir. 1996) (reversing district court's denial of award of fees incurred in litigating fee claim). Moreover, the "reasonable attorney's fee" awarded under this statute has been held to include reasonable out of pocket expenses or costs of the type which would normally be charged to a fee-paying client, such as travel costs and expert fees, even though these expenses would not be taxable as costs under 28 U.S.C. § 1920. *See, e.g., Williams v. Consol. City of*

The third set of costs sought in the motion is a total of $19,725 in charges for Westlaw research conducted in March 2022, primarily in connection with Plaintiff's pursuit of attorneys' fees. *See* (Docs. 197-1 at 9; 158 at 20-21, 25-26). While not recoverable as a cost under § 1920, Westlaw charges have been held recoverable as part of attorneys' fees under § 2000e-5(k). *See, e.g.*, *Wen Liu v. Univ. of Miami, Sch. of Med.*, No. 13-22187-CIV-ZLOCH, 2018 WL 4613326, at *4 (S.D. Fla. Sept. 26, 2018) (awarding Westlaw research charges); *see also Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas Cty.*, 278 F. Supp. 2d 1301, 1328 (M.D. Fla. 2003) (holding computer legal research recoverable as part of an attorneys' fee award under 42 U.S.C. § 1988). However, such charges must be reasonable. *E.g.*, *Wen Liu*, 2018 WL 4613326, at *3-4; *Hurley v. Atl. City Police Dept.*, No. CIV. A. 93-260 (JEI), 1996 WL 549298, at *4 (D.N.J. Sept. 17, 1996).

Plaintiff requests $7,693 in Westlaw charges incurred by attorney Jacqulyn Mack-Majka. From the Westlaw invoices submitted by Plaintiff, it appears these charges were incurred on March 8, 9, 10, 11, and 14, 2022. (Doc. 158 at 25-26). The only time entry submitted for Ms. Mack-Majka during this time period that conceivably might involve Westlaw research is a single reference, contained in a block entry of 2.5 hours on March 9, 2022, to "research multiplier availability."

---

*Jacksonville*, No. 3:00-cv-469-32TEM, 2006 WL 4794173, at *11 (M.D. Fla. Sept. 11, 2006), *aff'd,* 237 F. App'x 508 (11th Cir. 2007). Defendant in opposing Plaintiff's motion cites *Krop v. Nicholson*, No. 8:06-cv-157-MSS, 2008 WL 11439394 (M.D. Fla. Mar. 13, 2008), for the proposition that Plaintiff may not recover any costs or expenses beyond those allowed under § 1920, but that case held that "the traditional limits of recovery under § 1920 do not limit the Court's authority to award costs" in proceedings on a motion under § 2000e-5(k). *Id.* at *2.

(Doc. 197-1 at 27). In the absence of further explanation or support for the specific amount requested, rather than deny recovery altogether, the Court believes that a reduction of the requested amount by 40% would be appropriate, consistent with Judge Wilson's recommended reduction in the hours allowed for Ms. Mack-Majka. Accordingly, the Court will allow $4,615.80.

Plaintiff also seeks $12,032 in Westlaw charges incurred by attorney Kerry Mack on March 21, 2022, and by paralegal Jacqueline Skubik on March 14, 21, 23, 28, and 30, 2022. (Doc. 158 at 20-21). Ms. Mack's submitted time records have no entry for March 21, 2022. Ms. Skubik's time records reflect substantial time spent in legal research on the indicated days, but the entries do not specifically refer to Westlaw research. *See* (Doc. 197-1 at 53-55). Numerous entries appear to reflect research on issues necessitated by Plaintiff's own failure to follow the appropriate procedures in moving for fees, a failure noted by Judge Wilson in both his reports relating to costs and fees. *See* (Docs. 187 at 2-3, 5-9; 203 at 21). For example, on March 14, 2022, the same day that Plaintiff filed his initial motion for fees – which was six days *after* Plaintiff should have filed a motion on entitlement to fees and non-taxable costs under Local Rule 7.1 – Skubik recorded time as follows: "review Local Rule 7.01 and 1.01 *allowing local rules to be disregarded* if inconsistent with [other] enabling statutes . . .." (Doc. 197-1 at 54) (emphasis added). Other time entries reflect research on similar topics. In other words, it appears that Plaintiff's legal team spent time researching ways to avoid any adverse consequences from their own failure to follow the Local Rules in the first instance. While they ultimately succeeded in these efforts, the Court does not believe Defendant should

pay for them.

Ms. Skubik's block billing of her time and the absence of any reference to Westlaw make it impossible to determine with any degree of certainty how much of the $12,032 in requested Westlaw charges was incurred in researching one topic versus another. Accordingly, the Court determines that an across-the-board reduction of 50% is appropriate, once again consistent with the reduction recommended by Judge Wilson for Ms. Skubik's time. The Court will therefore allow $6,016 for Westlaw charges incurred by Ms. Mack and Ms. Skubik, bringing the total Westlaw charges allowed to $10,631.80, and the total costs allowed to $12,308.32. When combined with the allowable amount for fees set forth above, the total award of fees and non-taxable costs is $219,922.31.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Judge Wilson's report and recommendation (Doc. 203) is **AFFIRMED** and **ADOPTED IN PART** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.

(2) "Plaintiff Kenite Webb's Supplemental Motion Determining Amount of Attorney's Fees Including Related Nontaxable Expenses" (Doc. 197) is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

(3) Plaintiff is **AWARDED** a total of $ $207,613.99 in attorneys' fees.

(4) Plaintiff is **AWARDED** a total of $12,308.32 in related non-taxable costs and expenses in addition to the attorneys' fees set forth above.

(5) The Clerk is directed to enter judgment for fees and non-taxable costs in favor of Plaintiff Kenite Webb and against Defendant City of Venice in the total amount of $219,922.31.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of September, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**